In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Milton R. BORDOW, Attorney at Law.

Supreme Court

*No. 84–907–D. Filed November 22, 1985.*
(Also reported in 376 N.W.2d 583.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Milton R. Bordow be publicly reprimanded for having engaged in illegal conduct involving moral turpitude, based on his conviction in 1983 of misdemeanor gambling. We agree that a public reprimand is appropriate discipline for Attorney Bordow's misconduct.

Attorney Bordow was licensed to practice law in Wisconsin in 1951 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The referee is the Honorable John A. Fiorenza, Reserve Judge.

The facts in this proceeding were established by the parties' stipulation of facts. Federal Bureau of Investigation and Milwaukee county district attorney officers seized what they concluded were gambling records from Attorney Bordow's home and law office. On the basis of those records, a criminal complaint was filed charging Attorney Bordow with having received bets from at least 22 individuals or "account designations" during the two-week period prior to the execution of the search warrant and with having received a commission on losing bets and having split his profit from the alleged gambling operation with another individual. Attorney Bordow pleaded guilty to misdemeanor gambling and party to a crime, secs. 945.02(1) and 939.05, Stats., as part of a plea agreement, under the terms of which he furnished an affidavit identifying the person designated in the gambling records and believed to be the person with whom he split the gambling profits.

The stipulation also established that, since his conviction, Attorney Bordow has had no further contact with any law enforcement authorities, the district attorney's office, or any other agency concerning any further involvement in gambling activities. However, Attorney Bordow did not stipulate to the correctness of the authorities' conclusion that, on the basis of the seized records, he had been receiving bets from at least 22 persons, receiving a commission on losing bets and splitting his profit with another person.

On the basis of the stipulated facts, the referee concluded that Attorney Bordow engaged in illegal conduct involving moral turpitude, in violation of SCR 20.04(3) and 21.05(1). In addition to the public reprimand, the referee recommended that Attorney Bordow be required to pay the costs of this proceeding.

We accept the findings and conclusions of the referee, and we agree that a public reprimand is appropriate discipline for Attorney Bordow's misconduct.

IT IS ORDERED that Attorney Milton R. Bordow is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Milton R. Bordow pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Bordow of his inability to pay the costs within the time specified, the license of Attorney Milton R. Bordow to practice law in Wisconsin shall be suspended until further order of the court.