IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Milton BORDOW,
Attorney at Law.†

Supreme Court

*No. 88-1167-D. Filed January 17, 1989.*

(Also reported in 435 N.W.2d 232.)

**PER CURIAM.** *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Milton Bordow to practice law in Wisconsin be suspended for a period of 90 days as discipline for the following misconduct: conversion of client funds held in trust, use of client funds to pay obligations of other clients, failure to promptly pay client funds, failure to deposit client funds in a trust account, deposit of his own funds to replace client funds held in trust, failure to maintain adequate trust account records, and attempts to exonerate himself from or limit his professional liability to clients. We determine that appropriate discipline for Attorney Bordow's professional misconduct is a 90–day

† Motion for reconsideration denied February 14, 1989. CALLOW, J., took no part.

suspension of his license. He repeatedly violated a lawyer's professional duty to preserve, protect and timely pay out funds of clients coming into his possession and he used those funds for impermissible purposes. In addition, at the time he distributed settlement proceeds to clients, he had them formally release him from any professional liability he might have to them as a result of his representation.

Attorney Bordow was licensed to practice law in Wisconsin in 1951 and practices in Milwaukee. In 1985 we publicly reprimanded him for misconduct following his conviction on a misdemeanor charge of gambling and being party to a crime. *Disciplinary Proceedings Against Bordow*, 126 Wis. 2d 285, 376 N.W.2d 583 (1985). The referee in this proceeding is Attorney Charles Herro.

Attorney Bordow stipulated to and the referee made findings of the facts alleged in the complaint of the Board of Attorneys Professional Responsibility as follows. In July, 1983, Attorney Bordow and other counsel represented a man in a personal injury claim which was settled for $25,000. The proceeds of that settlement were deposited in Attorney Bordow's trust account, to be disbursed in payment of attorney fees and the fees of various medical service providers and others. After requiring the client to sign a document acknowledging receipt of funds disbursed and releasing Attorney Bordow from any liability to the client, Attorney Bordow gave the client $500 more than he was entitled to receive, with the result that there was an insufficient amount of funds left in the trust account to pay the client's medical bills. In addition, Attorney Bordow paid one of the other attorneys a fee of $1,000 from funds of other clients on deposit in his trust account.

After the client complained to the Board, Attorney Bordow made up the difference with his own funds and paid the medical bills. Attorney Bordow then gave the client the balance of funds in the account, amounting to approximately $900, but only after the client signed a document acknowledging receipt as a full and final release of any and all claims he might have against Attorney Bordow.

Attorney Bordow stipulated and the referee concluded that this conduct constituted conversion of client funds, in violation of SCR 20.04(4)(1986), the failure to promptly pay client funds, in violation of SCR 20.50(2)(d)(1986) and an attempt to exonerate himself from or limit his liability to a client for malpractice, in violation of SCR 20.33(1986).

During the Board's investigation of this matter, an audit of Attorney Bordow's trust account disclosed numerous trust account violations. Those included the following: the use of client funds to pay obligations of other clients, the deposit of personal funds into a trust account to pay amounts owed to clients, the failure to promptly pay funds to clients and the failure to deposit client funds in a trust account. In addition, Attorney Bordow did not maintain client ledger sheets and had no procedure by which he might determine at any given time which of his clients had funds on deposit in his trust account and what disbursements had been made from that account.

The audit disclosed 16 separate instances between 1984 and 1986 in which Attorney Bordow failed to timely disburse client funds received from personal injury settlements. This, the referee concluded, constituted a violation of SCR 20.50(2)(d)(1986). In addition, Attorney Bordow paid disbursements from his trust account for clients when the clients did not have money

on deposit in that account and paid attorney fees to other attorneys from the trust account in excess of the fees due from his client. Also, the balance in the trust account was uniformly below, at times in amounts of more than $5,000, what it should have been, based on client funds Attorney Bordow had received for deposit.

The referee concluded that Attorney Bordow's deposit of personal funds in his trust account to cover shortages and his leaving funds to which he was entitled as fees in order to cover payments due other clients constituted commingling of client and personal funds, in violation of SCR 11.05(1). He also violated that rule by his failure to deposit client funds in his trust account in at least five separate matters. His failure to keep adequate records of his trust account violated SCR 20.50(2)(c)(1986). Finally, the referee concluded that Attorney Bordow violated SCR 20.33(1986) by requiring clients to sign releases of liability at the time of settlement of the clients' claims in at least five separate matters.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended 90–day suspension of Attorney Bordow's license as discipline for this misconduct is appropriate. Attorney Bordow's violations of the rules of professional conduct are serious. It is essential that persons retaining attorneys to represent them be able to rely on the attorney's conduct to be in the client's best interest. This is especially true with respect to the attorney's handling of funds and other property belonging to the client or to which the client is entitled. The seriousness of Attorney Bordow's failure to do so is not mitigated by the fact that there had been no allegation or finding that those entitled to payment of funds deposited with him had failed to receive them eventually.

It was also a serious breach of his professional responsibility for Attorney Bordow to have his clients sign agreements releasing him from professional liability at the time disbursement of settlement proceeds was made. Such conduct runs directly contrary to the responsibility a lawyer assumes when he agrees to represent a person in need of legal services.

IT IS ORDERED that the license of Milton Bordow to practice law in Wisconsin is suspended for a period of 90 days commencing February 20, 1989.

IT IS FURTHER ORDERED that within 60 days of the date of this order Milton Bordow pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Milton Bordow to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Milton Bordow comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

CALLOW, J., took no part.