In the MATTER OF the DISCIPLINARY PROCEEDINGS AGAINST Rick D. STEINBERG, Attorney at Law.

OFFICE OF LAWYER REGULATION,
Complainant-Appellant,

v.

Rick D. STEINBERG, Respondent-Respondent.

Supreme Court

*No. 2006AP794–D. Decided July 27, 2007.*

2007 WI 113

(Also reported in 735 N.W.2d 527.)

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) appeals a referee's recommendation that Attorney Rick D. Steinberg be publicly reprimanded for eight counts of misconduct stemming from a number of trust account violations. The referee also recommends that Attorney Steinberg be subject to quarterly reporting on his trust account for two years, attend at least six hours of continuing legal education (CLE) pertaining to trust account practices, provide 100 hours of pro bono legal work and pay the costs of the disciplinary proceeding. The sole issue on appeal is the level of discipline.

¶ 2. This court approves the referee's findings of fact and conclusions of law and adopts them. We conclude that a public reprimand is the appropriate level of discipline, together with the imposition of costs of this disciplinary proceeding, the requirement of six hours of CLE training pertaining to trust account practices and the two year trust account reporting requirement. We do not impose the recommended 100 hours of pro bono legal work.

¶ 3. Attorney Steinberg has had a general solo practice in Brookfield since 2003. He has not been subject to prior discipline.

¶ 4. The OLR filed a disciplinary complaint against Attorney Steinberg on April 5, 2006, asserting nine counts of misconduct arising from trust account violations. Following a hearing, the referee issued his report October 16, 2006, concluding that the OLR proved misconduct of all but Count 7.

¶ 5. Counts 1—5 involve client A.G., who hired Attorney Steinberg to represent him in a personal injury claim. On March 22, 2002, A.G. signed a contract with Attorney Steinberg, agreeing to an attorney fee reflecting one-third of the gross settlement of the claim, with A.G. receiving the net balance after disbursements for medical bills and other costs. The case settled for

579

$20,000 and Attorney Steinberg received his $6600 fee. He disbursed the balance to his client, less $2024.25 potentially owed to a subrogated party.

¶ 6. Subsequently, the potential subrogation lien claim for $2024.25 was not pursued. In October 2003, rather than disbursing this entire amount to his client, Attorney Steinberg disbursed $1389.75 to his client via a trust account check. Attorney Steinberg disbursed $684.50 to himself via a trust account check and deposited this sum into his business account. Issuing the trust account check to himself and depositing it into his business account gave rise to Count 1, charging Attorney Steinberg with failing to hold funds in trust and commingling trust funds with his own, contrary to former SCR 20:1.15(a)(effective through June 30, 2004).[1]

¶ 7. Counts 2—4 involve earlier trust account violations with A.G.'s settlement funds. During March 2003, when Attorney Steinberg's trust account held A.G.'s $2024.25 in settlement funds, Attorney Steinberg issued to himself an unnumbered check in the sum of $1000. His business account showed a deposit of $1061.42 the same day. By April 17, 2003, his business account had a negative balance of $75.18. Count 2 alleges that by issuing a trust account check of $1000 to himself, Attorney Steinberg converted such funds to his own purposes, thus engaging in dishonesty, fraud, de-

---

[1] Former SCR 20:1.15(a) applies to misconduct committed prior to July 1, 2004. It provided in pertinent part:

> (a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . .

ceit, or misrepresentation, contrary to SCR 20:8.4(c).[2] Count 4 alleges that by disbursing to himself the $1000 in trust account funds and depositing them into his business account, Attorney Steinberg failed to hold funds in trust and commingled trust funds contrary to former SCR 20:1.15(a)(effective through June 30, 2004).

¶ 8. The OLR complaint also alleges that on July 7, 2003, Attorney Steinberg issued a trust account check, numbered 905, which included at least $1000 of A.G.'s trust account funds, and deposited it into his business account. Attorney Steinberg's July 2003 business account statement revealed that his business account had been overdrawn since the end of June 2003 and had been incurring overdraft fees. Before the July 7 deposit, the business account had a negative balance of $553.59. After the deposit and other transactions, the account had a positive balance until the next day, when the account was completely depleted and overdrawn by $462.79. These allegations form the basis for Counts 3 and 5, alleging violations of SCR 20:8.4(c), involving dishonesty, fraud, deceit, or misrepresentation) and former SCR 20:1.15(a)(effective through June 30, 2004) for failing to hold funds in trust and commingling trust account funds with his own.

¶ 9. Count 6 involves $4070 in settlement funds received by Attorney Steinberg's client, D.M-F. The OLR complaint alleges Attorney Steinberg deposited this settlement amount in his trust account on or about October 1, 2003. The settlement check was returned on October 6, 2003, due to an improper endorsement resulting in a $731.15 trust account overdraft. Also on October

---

[2] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

6, Attorney Steinberg disbursed a $2000 trust account check, numbered 920, to his law office account, increasing the trust account overdraft. On October 9, 2003, D.M-F.'s settlement check, properly endorsed, was redeposited into the trust account, restoring the balance to a positive $1333.85.

¶ 10. The OLR complaint alleges that $2000 of D.M-F.'s settlement funds were not held in trust to the extent they cured an overdraft, $2000 of which was caused by Attorney Steinberg's deposit of check numbered 920 into his business account. Count 6 alleges that by this action, Attorney Steinberg failed to hold funds in trust and commingled client funds with his own in his business account, contrary to former SCR 20:1.15(a)(effective through June 30, 2004).

¶ 11. Count 7 alleges that Attorney Steinberg made misrepresentations to the OLR in response to its inquiry as to why he deposited $2000 from his trust account into his business account on July 7, 2003, when his business account had been overdrawn for two weeks and incurring overdraft fees. Attorney Steinberg indicated that he had been confused and this had been the first time he had dealt with funds unclaimed by a subrogated carrier. The OLR alleged, however, that because Attorney Steinberg needed money on July 7, 2003, his explanation to the OLR was false, violating SCR 20:8.4(f)[3] and SCR 22.03(6).[4]

---

[3] SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[4] SCR 22.03(6) provides that "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are miscon-

¶ 12. Count 8 alleges that Attorney Steinberg violated former SCR 20:1.15(e)(iii), (iv) and (v)(effective through June 30, 2004)[5] by failing to maintain an appropriate subsidiary ledger, a monthly schedule of the subsidiary ledger and a checkbook with a running balance, thus failing to keep complete records of trust account funds. Count 9 alleges that Attorney Steinberg filed certificates with the State Bar of Wisconsin falsely indicating that he was complying with each of the record-keeping requirements set forth in SCR 20:1.15(e), contrary to former SCR 20:1.15(g)(effective through June 30, 2004).[6] Based on these nine counts, the OLR sought a six-month license suspension.

duct, regardless of the merits of the matters asserted in the grievance."

[5] Former SCR 20:1.15(e) provides in relevant part:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: . . . (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement.

[6] Former SCR 20:1.15(g) provided in relevant part: Safekeeping property.

(g) A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the

¶ 13. Following a hearing, the referee found that the facts supported Counts 1—6 and 8—9. The referee concluded that the OLR failed to prove that Attorney Steinberg made a misrepresentation to the OLR as alleged in Count 7 and dismissed this count.

¶ 14. The referee made a number of findings with respect to the level of discipline. The referee found that Attorney Steinberg's misconduct arising out of A.G.'s settlement funds resulted in no loss to the client, and that Attorney Steinberg had repaid his client the one-third fee he erroneously paid to himself from the $2024.25. The referee stated:

> This appears to be a case in which the personal observation of Steinberg at the hearing is significant. Steinberg did appear confused. When the offenses occurred, he was new to solo practice and had not had any personal involvement with an attorney trust account. He was a late in life law student (age about 34) after having post college jobs first in Milwaukee with Northwestern Mutual and then in New Orleans as a manager of a Wendy's fast food restaurant, then as a kitchen manager at a Hyatt Hotel and then at a store that rented for purchase personal property. He attended law school [] at Thomas Cooley Law School in Lansing, Michigan. He had graduated from college about 11 or 12 years earlier at UW LaCrosse. Steinberg then worked at his father's law office for about seven years. He then started his own low cost sole practice in about 2003. His financial records left much to be desired but he did not appear to have an evil motive in his handling of funds. He kept his client, [A.G.], informed of what was happening in terms of trying to pay a medical provider. With the second client involved in the matter,

---

member maintains a trust account, safe deposit box, or both, as required by this section. Each member shall explicitly certify therein that he or she has complied with each of the record-keeping requirements . . . .

[D.M-F.], he may have been too diligent. He gave her a check for her share of settlement before the insurance company check had cleared the bank. Both matters then caused him problems.

He did clearly transfer trust funds to his business account, overdrew his trust account and take an unearned fee re: [A.G.] (which was returned and paid to the client).

¶ 15. The referee concluded that due to a number of mitigating factors, some of which the OLR did not dispute, a public reprimand was appropriate. The referee noted the following mitigating factors: (1) Attorney Steinberg's expressed remorse; (2) the lack of harm to clients; (3) no previous professional discipline; (4) while some counts were very serious, others were technical in nature and had been corrected; (5) Attorney Steinberg's timely efforts to rectify the matters; (6) little likelihood of repeated misconduct; and (7) Attorney Steinberg's cooperation with the OLR. The referee concluded that a public reprimand, quarterly trust account reporting to the OLR for two years, six hours of CLE approved trust account training, 100 hours of pro bono legal service, together with paying the costs of the disciplinary proceeding, was appropriate discipline.

¶ 16. It is the referee's function to assess credibility of witnesses. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 53, 279 Wis. 2d 583, 694 N.W.2d 910. Here, there is no claim that the referee's fact findings are clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. This court adopts the referee's credibility assessment and fact findings. This court independently reviews the referee's legal conclu-

sions. *Id.* Because the referee's legal conclusions are reasonable and consistent with existing law, this court adopts them as well. The level of discipline is the only disputed issue on appeal.

¶ 17. The OLR argues that the referee failed to consider the seriousness of the misconduct, which includes dishonesty and conversion, along with the trust account violations. The OLR points out that Attorney Steinberg's multiple offenses reflect a pattern of misconduct. It argues that Attorney Steinberg's actions were motivated by dishonesty and selfishness rather than confusion. It states that the violations are serious and that Attorney Steinberg should be required to petition for reinstatement. *See* SCR 22.28(3).[7]

¶ 18. The OLR relies on a number of cases imposing license suspensions, including *In re Disciplinary Proceedings Against Edgar,* 230 Wis. 2d 205, 601 N.W.2d 284 (1999); *In re Disciplinary Proceedings Against Trowbridge,* 177 Wis. 2d 485, 501 N.W.2d 452 (1993), and *In re Disciplinary Proceedings Against Bordow,* 148 Wis. 2d 464, 435 N.W.2d 232 (1989). The OLR argues that public reprimand cases should be factually distinguished because they involve small amounts of money, poor record-keeping, or neglect, but not conversion. The OLR contends the gravity of the misconduct, as well as the need to protect the public interest and preserve the integrity of the profession, necessitate a six-month license suspension.

¶ 19. Attorney Steinberg responds that the referee properly considered mitigating factors. He notes

---

[7] SCR 22.28(3) states: License reinstatement. "The license of an attorney that is revoked or suspended for misconduct for six months or more shall be reinstated pursuant to the procedure set forth in SCR 22.29 to 22.33 and only by order of the supreme court."

this was the first occasion he had to deal with unclaimed trust account funds. He points to the considerable evidence attesting to his good character and civic contributions. He argues that the record demonstrates his confusion and supports the referee's finding he lacked evil intent. While he agrees his record-keeping was rudimentary and not compliant with the rules, he contends his errors were caused by his misunderstandings. He concedes his admitted confusion does not excuse his violations, and points out he has taken legal education courses to correct his misunderstanding of the trust account rules. He emphasizes no client was harmed, as he had repaid his obligations to his clients. Attorney Steinberg contends that the suspension cases the OLR relies upon are more egregious than his and a public reprimand is consistent with case law.

¶ 20. Ultimately, it is this court's responsibility, rather than the referee's, to determine the appropriate level of discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. This court considers the seriousness of the misconduct, the need to protect the public, the courts, and the legal system from repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See Arthur,* 2005 WI 40, ¶ 78.

¶ 21. The OLR correctly observes that the misconduct here is serious and demonstrates the need to protect the public and deter attorneys from similar misconduct. *See id.* However, we disagree with the OLR that the misconduct, together with the mitigating factors, support a six-month license suspension. We agree with Attorney Steinberg that cases cited by the OLR

involve more egregious facts. For example, in contrast to the *Bordow* and *Trowbridge* cases, Attorney Steinberg has not been previously disciplined. Also, the *Edgar* case may be distinguished as it involved the attorney's misrepresentation to opposing counsel regarding the withdrawal and use of some $10,000 from an escrow account. *See Edgar,* 230 Wis. 2d at 207.

¶ 22. Here, as the OLR notes, Attorney Steinberg admitted for the most part the facts alleged in the OLR complaint. He was found to have cooperated with the OLR. Also, the referee assessed weight to Attorney Steinberg's explanation that his trust account violations were due to a lack of understanding rather than evil intent. It is within the referee's role as arbiter of the weight and credibility to do so. *Arthur,* 2005 WI 40, ¶ 53.

■

¶ 23. We are persuaded that the record demonstrates Attorney Steinberg understands the seriousness of his misconduct and it will likely not recur. Other mitigating factors include Attorney Steinberg's lack of prior discipline, his demonstrated remorse, and his steps to rectify his handling of trust account funds and to ensure compliance with trust account rules. We note that no client has suffered loss. In view of these circumstances, we are satisfied that a public reprimand, together with quarterly trust account reporting for a two year period and a minimum of six hours of CLE approved trust account training achieves lawyer discipline objectives. We also impose full costs over Attorney Steinberg's objection. In view of these sanctions, we conclude it is unnecessary to impose the 100 hours of pro bono legal work recommended by the referee. We do not impose that requirement.

¶ 24. Attorney Steinberg has filed an objection to the imposition of costs.[8] The assessment of full costs on the disciplined lawyer is consistent with our practice under the rules in existence when this discipline action was commenced, namely that the general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the OLR upon the disciplined lawyer. *See In re Disciplinary Proceedings Against Konnor,* 2005 WI 37, ¶¶ 37–92, 279 Wis. 2d 284, 694 N.W.2d 376 (Abrahamson, C.J., concurring).

■

¶ 25. This disciplinary action was filed April 5, 2006. This court amended the rules relating to the assessment of costs in lawyer disciplinary proceedings on May 1, 2006. *See* S.Ct. Order 05–01, 2006 WI 34, 287 Wis. 2d xiii, 714 N.W.2d Ct.R-21 (May 1, 2006). The new rules do not apply to the present case; they apply "prospectively to disciplinary proceedings, medical incapacity proceedings, or reinstatement proceedings filed on or after July 1, 2006."[9] Accordingly, in view of our

---

[8] The OLR filed a statement of costs totaling $11,763.47. Of that total, $3002.95 represents appellate costs.

[9] Effective July 1, 2006, SCR 22.24 provides: Assessment of costs.

(1) The supreme court may assess against the respondent all or a portion of the costs of a disciplinary proceeding in which misconduct is found, a medical incapacity proceeding in which it finds a medical incapacity, or a reinstatement proceeding and may enter a judgment for costs. The director may assess all or a portion of the costs of an investigation when discipline is imposed under SCR 22.09. Costs are payable to the office of lawyer regulation.

(1m) The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In cases involving extraordinary circumstances the

decision to eliminate the recommended requirement of 100 hours pro bono service and in the absence of a

court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. In exercising its discretion regarding the assessment of costs, the court will consider the submissions of the parties and all of the following factors:

(a) The number of counts charged, contested, and proven.

(b) The nature of the misconduct.

(c) The level of discipline sought by the parties and recommended by the referee.

(d) The respondent's cooperation with the disciplinary process.

(e) Prior discipline, if any.

(f) Other relevant circumstances.

(2) In seeking the assessment of costs by the supreme court, the director shall file in the court a statement of costs within 20 days after the filing of the referee's report or a SCR 22.12 or 22.34(10) stipulation, together with a recommendation to the court regarding the costs to be assessed against the respondent. If an appeal of the referee's report is filed or the supreme court orders briefs to be filed in response to the referee's report, a supplemental statement of costs and recommendation regarding the assessment of costs shall be filed within 14 days after the appeal is assigned for submission to the court or the briefs ordered by the court are filed. The recommendation should explain why the particular amount of costs is being sought. Objection to a statement of costs [which may include relevant supporting documentation] shall be filed by motion within 21 days after service of the statement of costs. A respondent who objects to a statement of costs must explain, with specificity, the reasons for the objection and must state what he or she considers to be a reasonable amount of costs. The office of lawyer regulation may reply within 11 days of receiving the objection.

(3) Upon the assessment of costs by the supreme court, the clerk of the supreme court shall issue a judgment for costs and furnish a transcript of the judgment to the director. The transcript of the judgment may be filed and docketed in the office of the clerk of court in any county and shall have the same force and effect as judgments docketed pursuant to Wis. Stat. §§ 809.25 and 806.16 (1997–98).

showing of extraordinary circumstances, we adhere to our practice of assessing full costs on the disciplined lawyer in the present case.

¶ 26. IT IS ORDERED that Rick D. Steinberg is publicly reprimanded for professional misconduct.

¶ 27. IT IS FURTHER ORDERED that for a period of two years Rick D. Steinberg must file quarterly trust account reports with the Office of Lawyer Regulation as a condition of his practice of law.

¶ 28. IT IS FURTHER ORDERED that Rick D. Steinberg attend a minimum of six hours of trust account continuing legal education.

¶ 29. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Rick D. Steinberg pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid in the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Rick D. Steinberg shall be suspended until further order of this court.

¶ 30. LOUIS B. BUTLER, JR., J., did not participate.