IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Steven D. ROBINSON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Steven D. ROBINSON, Respondent.

Supreme Court

*No. 2007AP67–D. Decided May 29, 2008.*

2008 WI 49

(Also reported in 749 N.W.2d 208.)

BRADLEY, J., took no part.

¶ 1. PER CURIAM. We review the findings of fact, conclusions of law and recommendations of the referee, Curry First, concluding that Attorney Steven D. Robinson engaged in unprofessional conduct in the course of his practice of law. Referee First recommended a public reprimand and imposition of the costs of this proceeding. Neither party has appealed from the referee's report and recommendation. We approve the

findings, conclusions and recommendations as to the appropriate discipline for Attorney Robinson's misconduct.

¶ 2. Attorney Robinson was admitted to the practice of law in 1982. In 2004 Attorney Robinson was privately reprimanded for failing to act with reasonable diligence and promptness in representing a client, and failing to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information.

¶ 3. On January 9, 2007, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint alleging two counts of misconduct. Count one alleged that by failing to advance postconviction motions on behalf of his client, file an appeal, or close out the case with a no-merit report or other form of proper notice between March 2001, when he was initially appointed, and December 2005, when the State Public Defender (SPD) removed him from the case, Attorney Robinson failed to act with reasonable diligence and promptness in representing a client, in violation of former SCR 20:1.3.[1] Count two alleged that by failing for over one year to initially contact the client, failing thereafter to communicate regularly with the client concerning the status of

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

his case, and failing to respond to requests for information, Attorney Robinson failed to keep the client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[2]

¶ 4. Following the appointment of the referee, Attorney Robinson and the OLR entered into a stipulation of fact. The referee accepted the stipulation. The referee found that in March 2001 the SPD appointed Attorney Robinson to represent client M.C. in postconviction proceedings. By January 2005, nearly four years later, Attorney Robinson had undertaken minimal services on behalf of his client. M.C. had written the SPD at least eight times between September of 2001 and November 2004 requesting assistance from the SPD due to Attorney Robinson's lack of response. The SPD wrote Attorney Robinson at least eight times seeking a response from Attorney Robinson. Although Attorney Robinson eventually responded to certain inquiries from the SPD, Attorney Robinson failed to pursue postconviction proceedings on his client's behalf.

¶ 5. After Attorney Robinson failed to respond to inquiries from the SPD in December 2004, the SPD filed a formal grievance against Attorney Robinson with the OLR. In December 2005 the SPD informed the OLR, Attorney Robinson, and M.C. that it would appoint substitute counsel for M.C. In January 2006 Attorney Robinson acknowledged to the OLR staff that he had not regularly communicated with M.C. regarding the status of the case and had not regularly responded to the SPD's inquiries regarding M.C.'s case.

---

[2] Former 20:1.4(a) states "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

¶ 6. Attorney Robinson did not contest the counts charged in the OLR's disciplinary complaint. Upon review of the stipulation, the referee recommended the imposition of a public reprimand for the violations of SCR 20:1.3 and 20:1.4(a). The referee also recommended Attorney Robinson pay the costs of the disciplinary proceeding. The referee took note of the SPD's statement that indigent imprisoned clients, who are least able to obtain the respect of either society or the courts, should not be the recipient of such inattention by their own advocates. The referee concluded that the record failed to demonstrate any mitigating circumstances.

¶ 7. We adopt the referee's findings of fact and conclusions of law and agree that a public reprimand is appropriate discipline for the misconduct committed by Attorney Robinson in this client matter. It is this court's responsibility, rather than the referee's, to determine the appropriate level of discipline. *See In re Disciplinary Proceedings Against Steinberg*, 2007 WI 113, ¶ 20, 304 Wis. 2d 577, 735 N.W.2d 527. This court considers the seriousness of the misconduct, the need to protect the public, the courts, and the legal system from repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See id.* We are satisfied that a public reprimand, together with the imposition of the costs of this disciplinary proceeding,[3] achieves lawyer discipline objectives.

¶ 8. IT IS ORDERED that Attorney Steven D. Robinson is publicly reprimanded for professional misconduct.

---

[3] On February 18, 2008, the OLR filed a statement seeking the assessment of $1,336.12 in costs.

¶ 9. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Steven D. Robinson pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if such costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Steven D. Robinson to practice law in Wisconsin shall be suspended until further order of this court.

¶ 10. ANN WALSH BRADLEY, J., did not participate.