IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John M. LANGER, Attorney at Law.

Supreme Court

*No. 96–3389–D. Filed October 21, 1997.*

(Also reported in 569 N.W.2d 465.)

¶ 1.   PER CURIAM.   We review the recommendation of the referee that Attorney John M. Langer be publicly reprimanded as discipline for neglecting the probate of an estate and failing to complete that probate and for failing to respond timely to inquiries from the Board of Attorneys Professional Responsibility

(Board) seeking information and materials in respect to the matter. In addition to the public reprimand, the referee recommended that Attorney Langer be ordered to pay personally and promptly any penalties, interest, fees, and tax due as a result of his delay in the matter.

¶ 2. We determine that the professional misconduct established in this proceeding warrants the imposition of a public reprimand. Also, we require that Attorney Langer make any payments incurred by the estate as a result of his delay.

¶ 3. Attorney Langer was admitted to practice law in Wisconsin in 1960 and practices in Baraboo. In 1992, he consented to a private reprimand imposed by the Board for failing to provide a response to a client grievance under investigation by the Board and by the district professional responsibility committee. In the instant proceeding, Attorney Langer and the Board stipulated to and the referee, Attorney Cheryl Rosen Weston, granted the Board's motion for default judgment, and the referee made findings of fact accordingly.

¶ 4. Attorney Langer was retained in April, 1991 to probate an estate. On his advice, the personal representative made distributions pursuant to the decedent's will in August, 1993, and the following October, when a farm in which the estate had an interest was sold, Attorney Langer wrote the personal representative that he should be in a position to close the estate "shortly." Notwithstanding the personal representative's request for a status report and the closing of the estate, the estate was not concluded. The personal representative met with Attorney Langer in June, 1995 and asked him to prepare the final papers to close the estate, as the final distribution to the heirs had been made. Attorney Langer said the final papers

would be ready and mailed within several days. When he did not close the estate thereafter, the personal representative filed a grievance with the Board.

¶ 5. In February, 1996, when the probate court ordered him to show cause why the estate remained open, Attorney Langer responded that it would be closed within a month, stating that there were possible income tax problems. The court issued a second order to show cause in June, 1996, to which Attorney Langer responded that he was having difficulty getting secretarial help and said that the final tax returns were partially completed. The court issued a third order to show cause in September, 1996, and again Attorney Langer asserted that there were income tax returns to complete, stating that the estate would be completed within four weeks. At the time the Board filed its complaint in this matter, November, 1996, more than five and one-half years after the decedent's death, the estate remained open.

¶ 6. The Board wrote to Attorney Langer in August, 1995 notifying him of the personal representative's grievance and requested a response. When no response was made within the time specified, the Board sent a second letter certified mail in September, 1995. Attorney Langer submitted a two-sentence response in which he admitted as "correct" the allegations of the grievance. He did not respond, however, to a subsequent request from the Board for information and materials regarding the probate or to a second certified letter. He also failed to respond to a February, 1996 letter from the district committee investigator assigned to the matter. He ultimately met with that investigator in March, 1996, at which time he agreed that he had failed to act with reasonable diligence and

promptness in the estate and failed to respond to the Board.

¶ 7.   On the basis of those facts, the referee concluded that Attorney Langer's failure to complete the probate of the estate and his neglect of it from October, 1993 to the present constituted a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1] Also, his failure to timely respond to Board inquiries and furnish any responsive information or materials and to respond to the district committee investigator constituted a failure to cooperate with the Board's investigation, in violation of SCR 21.03(4)[2] and 22.07 (2) and(3).[3]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .
(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

¶ 8.   As discipline for that misconduct, the referee recommended, as the Board had suggested, that the court publicly reprimand Attorney Langer. The referee rejected the Board's position that the discipline be conditioned upon Attorney Langer's completion of the estate within a time to be specified, stating that any additional delay by Attorney Langer in completing the estate would constitute grounds for a new disciplinary proceeding and, depending on the circumstances, more severe discipline.

¶ 9.   We adopt the referee's findings of fact and conclusions of law and determine that the recommended public reprimand is appropriate discipline to impose for Attorney Langer's misconduct in this matter. It is also appropriate that Attorney Langer be personally responsible for payment of any liabilities incurred by the estate as a result of that misconduct.

¶ 10.   IT IS ORDERED that Attorney John M. Langer is publicly reprimanded as discipline for professional misconduct.

¶ 11.   IT IS FURTHER ORDERED that John M. Langer personally and promptly pay any liability incurred by the estate in this matter as a result of his professional misconduct.

¶ 12.   IT IS FURTHER ORDERED that within 60 days of the date of this order John M. Langer pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a show-

---

(3)   The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

ing to this court of his inability to pay the costs within that time, the license of John M. Langer to practice law in Wisconsin shall be suspended until further order of the court.