In the Matter of Disciplinary Proceedings Against George H. Losby, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

George H. Losby, Respondent.

Supreme Court

*No. 2007AP396–D. Decided January 29, 2008.*

2008 WI 8

(Also reported in 743 N.W.2d 819.)

304

¶ 1. PER CURIAM. We review the referee's recommendation to suspend Attorney George H. Losby's license to practice law in Wisconsin for 18 months for professional misconduct. The referee also recommended that Attorney Losby be required to make restitution and pay the costs of this disciplinary proceeding. No appeal has been filed. We conclude the record supports the referee's findings of facts and conclusions of law and adopt them as set forth in the referee's report. We agree that the seriousness of the misconduct warrants the suspension of Attorney Losby's license to practice law for 18 months and that restitution and costs should be imposed.

¶ 2. Attorney Losby was admitted to practice law in Wisconsin in 1964 and he has practiced in Eau Claire. He has not been previously disciplined for misconduct.

¶ 3. The Office of Lawyer Regulation (OLR) brought a disciplinary complaint alleging ten counts of

misconduct with respect to Attorney Losby's handling of three probate estates. Stanley F. Hack was appointed referee. Hearings were held July 17 and 25, 2007. Following the receipt of testimony and exhibits, the referee concluded the evidence supported the allegations of the complaint.

¶ 4. The referee found five counts of misconduct relating to Attorney Losby's handling of M.S.'s estate. Attorney Losby failed to file fiduciary income tax returns and did not conclude probate for more than 6 1/2 years after M.S.'s death. The referee found Attorney Losby failed to act with reasonable diligence and promptness in representing a client, in violation of former SCR 20:1.13.[1] The referee also determined that Attorney Losby made false statements of fact to a tribunal, contrary to SCR 20:3.3(a)(1),[2] when he filed a final account with the court that underreported his total personal representative and attorney fee by $425; underreported interest income by more than $1,000; and failed to report over $12,000 in interest on estate savings bonds. Attorney Losby was also found to have misinformed the court that he had engaged the services

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S.Ct. Order No. 04–07, 2007 WI 4, 293 Wis. 2d xv; and S.Ct. Order No. 06–04, 2007 WI 48, 297 Wis. 2d xlvii. Since the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.3 provides that a lawyer "shall act with reasonable diligence and promptness in representing a client."

[2] Former SCR 20:3.3(a)(1) provides that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal."

of a certain attorney to assist him in closing the M.S. estate, when in fact he had not. In addition, Attorney Losby falsely advised the court that tax problems, for which he was awaiting a reply from the IRS, caused delays in concluding the M.S. estate.

¶ 5. Between February 2001 and February 2005, Attorney Losby failed to appear at hearings and failed to meet court established filing deadlines, thus knowingly disobeying an obligation under the rules of a tribunal, contrary to SCR 20:3.4(c).[3] Also, the referee found that by taking $425 more in fees than he was entitled to receive and by paying himself $2,000 on January 15, 2005, well after he had filed the final account despite that he had done nothing to conclude probate, Attorney Losby engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, contrary to SCR 20:8.4(c).[4]

¶ 6. The referee also found that in August and November of 2006, Attorney Losby failed to provide the OLR staff with requested information, thus willfully failing to provide relevant information or to answer questions fully in the course of an OLR investigation, contrary to SCR 20:8.4(f),[5] as it relates to SCR 22.03(6)[6]

---

[3] Former 20:3.4(c) states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

[4] Former SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] Former SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[6] SCR 22.03(6) states, "In the course of the investigation, the respondent's wilful failure to provide relevant information,

307

requirements. The referee found Attorney Losby owed restitution to the M.S. estate beneficiaries for at least $2,425 in funds paid to himself that were unreported on the final account, and that he should reimburse the M.S. heirs for all interest and penalties accrued as a result of delinquent tax filings.

■

¶ 7. With respect to a second probate matter, the M.K. estate, Attorney Losby was found to have committed four counts of misconduct. M.K died on April 11, 1995. Attorney Losby failed to file fiduciary income tax returns and failed to conclude probate, allowing the estate to remain open for more than 9 1/2 years after M.K.'s death. This gave rise to a violation of SCR 20:1.3, failing to act with reasonable diligence and promptness in representing a client. In the final account, Attorney Losby misrepresented the total estate income, the amount of his fee, the amount of taxes, penalties and interest paid by the estate, and the amount of distributions to the estate's heirs. In so doing, Attorney Losby made false statements of fact to a tribunal, contrary to SCR 20:3.3(a)(1).

¶ 8. The referee found that Attorney Losby's misconduct involved dishonesty, fraud, deceit, or misrepresentation, contrary to SCR 20:8.4(c), when he deceived beneficiaries about reasons for delay, inaccurately reported transactions to the heirs in the estate's final account, failed to disclose or reimburse the estate the tax penalties assessed due to his delinquencies, and took $2,000 in estate funds to which he was not

to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

308

entitled. The referee also concluded that Attorney Losby's failure to provide the OLR with information on July 31, 2006, and November 13, 2006, violated SCR 20:8.4(f), as it relates to SCR 22.03(6). The referee found that Attorney Losby owed the M.K. estate beneficiaries $2,000 for funds he misappropriated from the estate's tax refund and $5,689 for penalties and interest the M.K. estate paid as a result of Attorney Losby's delays.

¶ 9. Finally, with respect to a third matter, the A.L. estate, the referee found Attorney Losby failed to deposit checks at the time they were received, causing the checks to become stale and requiring them to be reissued. He failed to conclude probate even after the court ordered him to do so. The referee determined Attorney Losby failed to act with reasonable diligence and promptness in representing a client, contrary to SCR 20:1.3.

¶ 10. This court upholds the referee's findings of fact unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. This court independently reviews the referee's legal conclusions. *Id.* Here, the referee's fact findings and legal conclusions are unchallenged; this court adopts them.

¶ 11. It is ultimately this court's responsibility to determine the appropriate discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. Proper considerations include the seriousness of the misconduct and the need to protect the public, courts and the legal system from

repetition of misconduct, to impress upon the attorney the seriousness of the misconduct, and to deter other attorneys from similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910.

¶ 12. We accept the referee's recommendation of an 18–month suspension, together with restitution and costs. The referee considered a number of factors, including Attorney Losby's testimony demonstrating sincere remorse. Although Attorney Losby testified as to his past medical condition of depression, the referee found that the medical evidence failed to indicate any connection between Attorney Losby's medical condition and his misconduct. Also, while the absence of prior discipline may be regarded as a mitigating factor, the referee considered that Attorney Losby's misconduct caused harm to the heirs of the estates. We agree that the seriousness of Attorney Losby's misconduct warrants license suspension and the recommended 18–month license suspension is necessary to protect the public and deter similar misconduct.

¶ 13. We further conclude Attorney Losby shall be required to make restitution in the amounts identified by the referee in his report and, in addition, all interest and penalties accrued to the M.S. estate as a result of delinquent tax filings. The referee indicated that the total amount of interest and penalties has not yet been determined. Therefore, as a condition of reinstatement, Attorney Losby must demonstrate that he has made restitution of all interest and penalties accrued to the M.S. estate as a result of delinquent tax filings. Finally, we impose the $5,763.31 in costs sought by the OLR.

¶ 14. IT IS ORDERED that the license of George H. Losby to practice law in Wisconsin is suspended for a period of 18 months effective March 3, 2008.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Losby pay restitution to the clients identified in the referee's report. Restitution shall be paid prior to paying costs to the Office of Lawyer Regulation.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Losby shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of George H. Losby to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 17. IT IS FURTHER ORDERED that Attorney Losby comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.