In the Matter of Disciplinary Proceedings Against
Terry L. Nussberger, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Terry L. Nussberger, Respondent.

Supreme Court

*No. 2009AP353–D.—Decided December 4, 2009.*

2009 WI 103

(Also reported in 775 N.W.2d 525.)

¶ 1. PER CURIAM. We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Terry L. Nussberger regarding his professional misconduct in handling the probate of the estate of V.K. The OLR and Attorney Nussberger stipulate Attorney Nussberger violated his duties of competence and diligence in probating the estate and agree the appropriate discipline would be a public reprimand.

¶ 2. Upon our independent review, we adopt the stipulated facts and accept the stipulation. Given the nature of the misconduct in this matter, we conclude Attorney Nussberger's professional misconduct warrants a public reprimand.

¶ 3. Attorney Nussberger was admitted to practice law in Wisconsin in 1983 and practices in Ladysmith. On March 29, 2003, Attorney Nussberger received a public reprimand for misconduct that violated SCR 20:8.4(c). *See* Public Reprimand of Terry L. Nuss-

berger, 2003–6. On August 8, 2006, Attorney Nussberger's license to practice law was suspended for 60 days, effective September 11, 2006, for counseling a client to engage in conduct that he knew was criminal or fraudulent, contrary to SCR 20:1.2(d). *See In re Disciplinary Proceedings Against Terry L. Nussberger,* 2006 WI 111, ¶ 25, 296 Wis. 2d 47, 719 N.W.2d 501. His license was reinstated on November 10, 2006.

¶ 4. The current disciplinary matter involves the probate of the V.K. estate. Attorney Nussberger stipulates to having committed two counts of professional misconduct:

> *Count One.* By failing to value the assets of the estate in a timely and accurate manner; by failing to determine whether the estate was required to file state and federal estate tax returns prior to the filing deadlines; and by preparing and filing an inventory and amended inventory that incorrectly used the redemption value of the decedent's savings bonds rather than the date of death value, Attorney Nussberger violated SCR 20:1.1.[1]

> *Count Two.* By failing to file an estate inventory until almost a year after the filing deadline and by failing to file estate tax returns for almost three years after the filing deadline, Attorney Nussberger violated SCR 20:1.3.[2]

¶ 5. The following facts are stipulated. V.K. died on August 21, 2001, leaving a will dividing her estate

---

[1] SCR 20:1.1 provides that, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] SCR 20:1.3 provides that, "A lawyer shall act with reasonable diligence and promptness in representing a client."

among her beneficiaries. Attorney Nussberger was retained to probate her estate and filed a formal probate petition on November 29, 2001. On January 14, 2002, R.G. was named personal representative.

¶ 6. R.G. gave to Attorney Nussberger V.K.'s U.S. savings bonds with a total face value of $77,825 and accrued interest. The remaining estate assets consisted of certificates of deposit, personal property, bank accounts, and a home. The value of these remaining assets totaled $278,000.

¶ 7. On January 17, 2002, Attorney Nussberger wrote to R.G. indicating the value of the savings bonds had not yet been determined but that Attorney Nussberger would take care of the valuation promptly. To file an estate inventory and determine whether the estate needed to file tax returns, a determination of the bonds' date of death value was necessary. If the total value of the estate exceeded $675,000, the estate would have been required to file state and federal estate tax returns or file within nine months of the date of death an extension request with an estimated tax payment. The filing deadline was May 21, 2002.

¶ 8. R.G. redeemed the U.S. savings bonds in two groups. He redeemed the first group on September 23, 2002, for a total of $369,557.84. He redeemed the second group on October 15, 2002, for a total of $90,791.12. Because the bonds' redemption and other estate assets totaled $738,348.96, an estate tax return was required.

¶ 9. Attorney Nussberger failed to determine whether the estate's value exceeded $675,000 and did not file estate tax returns in 2002. Also, an estate inventory was required to have been filed within six months of the personal representative's appointment. Attorney Nussberger did not file an estate inventory by the July 14, 2002, deadline.

¶ 10. On June 6, 2003, Attorney Nussberger filed an estate inventory inaccurately listing the total estate value as $647,928. The inventory omitted the bonds redeemed in October 2002 and erroneously valued the other bonds at their redemption value, rather than their date of death value. In June or July 2003 Attorney Nussberger realized the bonds redeemed in October 2002 had been omitted from the inventory. He stipulates he should have also realized at this time that an estate tax return was required. Although Attorney Nussberger charged the estate for one hour of his time to review the bonds' values, he failed to determine their date of death values.

¶ 11. In September 2003 V.K.'s house was sold. Upon the completion of the sale all estate assets had been liquidated. Therefore, the estate could have been closed after the filing of a final account and final tax returns. Other than filing a fiduciary income tax return prepared by the estate's accountant, nothing happened to close the estate for the next year.

¶ 12. On September 27, 2004, over a year after Attorney Nussberger determined he had inadvertently omitted the bonds redeemed on October 2002 from the estate inventory, he filed an amended inventory listing a total estate value of $738,719, with the bonds still listed at their redemption value rather than their date of death value. In January 2005 the estate's accountant provided Attorney Nussberger with the bonds' date of death value.

¶ 13. On January 13, 2005, Attorney Nussberger filed a second amended inventory listing the bonds' date of death value and showing a total estate value of $726,222.50. Also in January 2005 Attorney Nussberger filed an untimely Wisconsin estate tax return,

resulting in a $500 late penalty and $8,946.79 in interest. In April 2005 a federal estate tax return was filed and no tax was owed.

¶ 14. On January 20, 2005, Attorney Nussberger filed a petition for an extension to close the estate, stating that he was waiting for a Wisconsin Department of Revenue certificate. On January 28, 2005, three and one-half years after the date of death, Attorney Nussberger wrote to the estate's heirs, explaining that an accurate valuation of the estate had been accomplished. When R.G. questioned Attorney Nussberger about the interest and penalty charges totaling $9,446.79 on the Wisconsin estate tax return, Attorney Nussberger responded that "no one had any idea that the assets would surpass the [estate tax] limit and that an Estate Tax return would even have to be filed."

¶ 15. On November 28, 2005, Attorney Nussberger filed a final account and, on January 6, 2006, filed an amended final account. At the February 2006 hearing on the final account, R.G. alleged Attorney Nussberger should be held responsible for the $500 penalty and $8,946.79 interest for the late estate tax return. The court deferred action on the final account and the estate remained open. A new attorney was hired to complete probate.

¶ 16. In the OLR's memorandum filed in support of the stipulated discipline of a public reprimand, the OLR states it has considered Attorney Nussberger's disciplinary history and the ABA Standards for Imposing Lawyer Sanctions. The OLR relies on the case of the Public Reprimand of James Moldenhauer, 2008–01, involving failure to close an estate with diligence, failure to respond to client's request for information,

and failure to appear at hearings. Attorney Moldenhauer had previously received one private reprimand and one public reprimand.

¶ 17. The OLR says that as mitigating factors, Attorney Nussberger lacked a dishonest or selfish motive, made a full disclosure, and evinced a cooperative attitude. The OLR notes, however, that Attorney Nussberger's misconduct evinces certain aggravating factors: Attorney Nussberger's disciplinary history, his initial refusal to acknowledge wrongdoing, his substantial experience, his failure to compensate the estate for over $9,000 in tax penalties and interest, and the fact that the estate had been harmed by these charges. The OLR states that Attorney Nussberger failed to show remorse and his prior disciplinary proceedings were not remote.

¶ 18. The OLR does not seek costs. The OLR explains its practice is not to seek a cost assessment against a respondent who enters into a comprehensive stipulation that is approved by the court because, in such circumstances, the respondent has been fully cooperative in the litigation process with the effect of limiting the expenditure of OLR resources. The OLR requests the court approve the parties' stipulation without the appointment of a referee.

¶ 19. Pursuant to SCR 22.12(1), this court may consider a complaint and stipulation without the appointment of a referee. If this court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. *See* SCR 22.12(2). If the court rejects the stipulation, a referee shall be appointed and the matter shall proceed

as a complaint filed without a stipulation. *See* SCR 22.12(3).[3]

¶ 20. The stipulation demonstrates that Attorney Nussberger's misconduct harmed the estate by the belated filing of the estate tax return that resulted in $9,446.79 in penalties and interest. Because of our concern that the stipulation does not address restitution, we ordered the parties to explain why their stipulation does not provide for restitution of the tax penalties and interest the estate incurred due to Attorney Nussberger's misconduct. The OLR responded that its policy, formulated in 2007, is to seek restitution only under the following circumstances:

- The grievant's or respondent's rights in a collateral proceeding will not likely be prejudiced;

- The funds to be restored do not constitute incidental or consequential damages;

- The funds to be restored were in the respondent lawyer's direct control; and

- There is a reasonably ascertainable amount.

---

[3] SCRs 22.12(1), (2), and (3) provide as follows: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

¶ 21. The OLR states that although the V.K. estate incurred consequential damages in penalties and interest, and the amount is reasonably ascertainable, the funds were never under Attorney Nussberger's direct control. The OLR says that to be consistent with its 2007 policy, it decided not to pursue restitution. The OLR notes that its policy regarding restitution does not bind this court and, in a 1997 case involving similar misconduct, the court ordered restitution. *See In re Disciplinary Proceedings Against Langer,* 213 Wis. 2d 125, 569 N.W.2d 465 (1997). Attorney Nussberger filed a short response stating restitution should not be ordered based on the OLR's policy.

¶ 22. It is this court's responsibility to determine the appropriate level of discipline. *See* SCR 21.16;[4] *see*

---

[4] SCR 21.16 provides as follows: Discipline.

(1m) Any of the following may be imposed on an attorney as discipline for misconduct pursuant to the procedure set forth in SCR chapter 22:

(a) Revocation of license to practice law.

(b) Suspension of license to practice law.

(c) Public or private reprimand.

(d) Conditions on the continued practice of law.

(e) Monetary payment.

(em) Restitution, as provided under sub. (2m).

(f) Conditions on seeking license reinstatement.

(2m) (a) An attorney may be ordered to do any of the following as restitution under sub. (1m)(em):

1. Pay monetary restitution to the person whose money or property was misappropriated or misapplied in the amount or value of such money or property as found in the disciplinary proceedings.

also In re Disciplinary Proceedings Against Steinberg, 2007 WI 113, ¶ 20, 304 Wis. 2d 577, 735 N.W.2d 527. This court considers the seriousness of the misconduct, the need to protect the public, the courts, and the legal system from repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See id.* Discipline may include restitution "to the person whose money or property was misappropriated or misapplied in the amount or value of such money or property as found in the disciplinary proceedings." *See* SCR 21.16(1m)(em) and (2m).

█

¶ 23. We note restitution has been imposed under circumstances similar to those presented here. *See In re Disciplinary Proceedings Against Losby,* 2008 WI 8, 306 Wis. 2d 303, 743 N.W.2d 819 (restitution of interest and penalties incurred by estate due to attorney misconduct imposed as a condition of reinstatement); *In re Disciplinary Proceedings Against Seehafer,* 108 Wis. 2d 578, 322 N.W.2d 888 (1982) (stipulation included the imposition of restitution of interest and penalties incurred

---

2. Reimburse the Wisconsin lawyers' fund for client protection for awards made to the person whose money or property was misappropriated or misapplied.

(b) Any payment made as restitution under par. (a) does not limit, preclude or impair any liability for damages in any civil action or proceeding for an amount in excess of the payment.

(c) Upon ordering restitution to the Wisconsin lawyers' fund for client protection under par. (a)2., the supreme court shall issue a judgment and furnish a transcript of the judgment to the Fund. The transcript of the judgment may be filed and docketed in the office of the clerk of court in any county and shall have the same force and effect as judgments docketed under ss. 809.25 and 806.16, stats.

by estate due to attorney misconduct). Nonetheless, while this court frequently imposes restitution, historically the purpose of lawyer discipline is not to make whole those harmed by attorney misconduct. *See In re Disciplinary Proceedings Against Harman,* 137 Wis. 2d 148, 150, 403 N.W.2d 459 (1987).

¶ 24. We are satisfied that a public reprimand of Attorney Nussberger will achieve the objectives of lawyer discipline. We therefore adopt the stipulation that Attorney Nussberger has committed the two counts of misconduct charged in the OLR complaint. We impose the stipulated discipline and do not impose costs or restitution. We place considerable weight on Attorney Nussberger's admission of his misconduct, his full disclosure, and his cooperative attitude.

¶ 25. We are mindful that Attorney Nussberger has failed to compensate the estate for more than $9,000 in penalties and interest incurred as a result of his misconduct. The court will review with the OLR the broader issue of its policies with respect to seeking restitution. In approving the stipulation, we note that Attorney Nussberger's stipulation to his lack of competence and diligence in handling the estate and his agreement to a public reprimand does not detract from the grievant's right to any civil remedy against Attorney Nussberger for harm suffered as a result of his misconduct.

¶ 26. We adopt the stipulated facts and recommended discipline. We caution Attorney Nussberger of the seriousness of his misconduct. We remind Attorney Nussberger that the court may impose progressively severe sanctions when an attorney engages in a pattern of misconduct. *See Nussberger,* 296 Wis. 2d 47, ¶ 27. A pattern of repetitive misconduct is unacceptable. *See id.*

We accept the stipulation with the expectation that Attorney Nussberger will not commit conduct subjecting him to future discipline.

¶ 27. IT IS ORDERED that Attorney Terry L. Nussberger is publicly reprimanded as discipline for professional misconduct.