# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2008AP85-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Brian P. Mularski, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Complainant-Respondent, |
| |     v. |
| | Brian P. Mularski, |
| |        Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST MULARSKI

| | |
|---|---|
| OPINION FILED: | October 17, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 5, 2018 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the respondent-appellant, there was a brief filed and oral argument by *Brian P. Mularski*, Mequon.

For the complainant-respondent, there was a brief filed and oral argument by *Jonathan E. Hendrix* and *Office of Lawyer Regulation*, Madison.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2008AP85-D

STATE OF WISCONSIN                    :         IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Brian P. Mularski, Attorney at Law:**

**Office of Lawyer Regulation,**

           **Complainant-Respondent,**

      **v.**

**Brian P. Mularski,**

           **Respondent-Appellant.**

**FILED**

**OCT 17, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.   *Reinstatement denied.*

¶1    PER CURIAM.  Attorney Brian P. Mularski appeals Referee Jonathan V. Goodman's report recommending that we deny Attorney Mularski's petition for reinstatement of his license to practice law in Wisconsin.  After fully reviewing this matter, we agree that Attorney Mularski has not satisfied the criteria required to resume the practice of law in this state, and we deny his petition for reinstatement.  We also determine that Attorney Mularski should be required to pay the costs of this

reinstatement proceeding, which are $6,000.60 as of September 19, 2018.

¶2 Attorney Mularski was admitted to practice law in Wisconsin in 2000. In 2009, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Attorney Mularski alleging 13 counts of professional misconduct in three client matters. At the time, he had no prior discipline although his law license was suspended for noncompliance with payment of state bar dues and trust account certification requirements.

¶3 The disciplinary allegations involved problems with fee agreements, acting without clients' knowledge or agreement, failing to satisfy liens with settlement funds, disbursing funds from an insufficient trust account, failing to maintain trust records, making misrepresentations to insurers, modifying releases, forging a client's signature on a release, failing to ensure payment to medical providers, false representations on settlement statements, distributing settlement proceeds despite the existence of a lien, endorsing checks without authority, making misrepresentations to the OLR, and submitting fabricated letters to the OLR.

¶4 Attorney Mularski, who was also facing eight pending grievance investigations, filed a petition for consensual license revocation. On September 10, 2010, this court granted Attorney Mularski's petition, revoking his law license. In re Disciplinary Proceedings Against Mularski, 2010 WI 113, 329 Wis. 2d 273, 787 N.W.2d 834. As is relevant to this proceeding, our order explicitly stated that:

2

> [a]s a condition of any future petition for reinstatement, Attorney Mularski shall provide an accounting and demonstrate he has made full restitution to those individuals aggrieved by his misconduct as alleged in the OLR complaint and the pending investigations.

Id., ¶4.

¶5 On May 7, 2012, the State charged Attorney Mularski with two felony counts of theft, alleging that between 2006 and 2009 Attorney Mularski had embezzled hundreds of thousands of dollars from the trust account of his former law firm, Eisenberg, Riley & Zimmerman. On October 23, 2012, Attorney Mularski pled guilty to one felony count of theft and was sentenced to five years of probation with one year at the Milwaukee County House of Corrections as a condition of that probation. He was ordered to have no contact with his former firm. The sentencing court ordered Attorney Mularski to pay, inter alia, restitution to the firm's trust account in the amount of $338,019.96.[1]

¶6 On February 16, 2017, Attorney Mularski filed this petition for reinstatement. The OLR opposed his petition. On November 14, 2017, Referee Goodman conducted a public reinstatement hearing. Attorney Mularski testified and one former client appeared and testified in opposition to Attorney Mularski's reinstatement. Attorney Mularski's former spouse also appeared and testified. As relevant here, she reported

---

[1] At the time of his sentencing Attorney Mularski had repaid the firm over $238,000.

3

that Attorney Mularski had claimed their children as exemptions on his 2016 federal tax return, despite their marital settlement agreement to the contrary.

¶7 Attorney Mularski described the tax issue as an unintentional mistake and emphasized that he had amended that tax return. Attorney Mularski disclosed that he and his former spouse are currently involved in a contentious custody and placement proceeding involving their children.

¶8 On December 14, 2017, the referee issued a report recommending that the court deny Attorney Mularski's petition.

¶9 Attorney Mularski appeals. The parties filed briefs and we conducted oral argument on September 5, 2018.

¶10 In our review, we accept a referee's findings of fact unless they are clearly erroneous. We review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶11 The question before this court is whether we should reinstate Attorney Mularski's license to practice law. Attorney Mularski reasons that the only way he will ever satisfy his many financial obligations will be if he is permitted to practice law again. He asks the court to reinstate him so he can make headway against his restitution obligations. He suggests he could be reinstated with various conditions and restrictions imposed on his license.

4

¶12 The standards that apply to petitions for reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1).[2] The petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension or revocation order and the requirements of SCR 22.26.

¶13 In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(k) and (4m).[3] Thus, the petitioning

---

[2] SCR 22.31(1) provides the petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCR 22.29(4)(a)-(k) and (4m) provides that a petition for reinstatement shall show all of the following:

(continued)

5

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the

(continued)

attorney needs to demonstrate that the required representations in the reinstatement petition are substantiated.

¶14 The referee concluded and we agree that Attorney Mularski has satisfied a number of the criteria required for reinstatement. He has proven by clear and convincing evidence that he sincerely desires to have his license reinstated, SCR 22.29(4)(a); that he has not practiced law during the periods of his suspension and revocation, SCR 22.29(4)(b); and that he has maintained competence and learning in the law, SCR 22.29(4)(d). He has explained how he would use his license if reinstated, SCR 22.29(4)(j), and he has outlined his activities during his revocation, SCR 22.29(4)(k). Indeed, the referee concluded that Attorney Mularski "does have the moral character to practice law in Wisconsin," SCR 22.31(1)(a). The OLR has not appealed that conclusion.

¶15 However, the referee concluded that Attorney Mularski fell short of several of the reinstatement requirements. The most significant problem is Attorney Mularski's undisputed failure to provide an accounting and demonstrate he has made full restitution to those individuals aggrieved by his misconduct. Before addressing this issue we will briefly discuss the other concerns identified by the referee.

¶16 The referee concluded that it would be detrimental to the administration of justice or subversive of the public

petitioner's explanation of the failure or inability to do so.

interest for Attorney Mularski to resume the practice of law, SCR 22.31(1)(b), noting his failure to have sought and identified a mentor in anticipation of his potential re-entry into the practice of law. The referee also concluded that Attorney Mularski failed to establish that his conduct since the revocation has been exemplary and above reproach, SCR 22.29(4)(e), noting the "improvident claiming of tax exemptions for the couple's minor children" and his decision to provide references from individuals who were unfamiliar with his past. Attorney Mularski himself conceded that he failed to satisfy SCR 22.29(4)(h), which requires a petitioner to fully comply with the requirements set forth in SCR 22.26. Attorney Mularski concedes he did not timely notify all clients of his revocation in 2010.

¶17 These concerns alone might not be insurmountable obstacles to reinstatement, particularly given the context in which Attorney Mularski's former spouse offered her testimony. However, the primary impediment to reinstatement is Attorney Mularski's failure to provide the court with an accounting and make arrangements for restitution. Addressing restitution is required in all reinstatement proceedings, see, e.g., SCR 22.29(4)(c) and (4m), and was explicitly imposed in the order granting his petition for consensual license revocation.

¶18 The referee found that "there is no evidence that Respondent furnished a complete accounting and proof that he has made full restitution to or settled all claims of all persons harmed by his misconduct" adding that, nothing in this

proceeding "gave any inkling that there was a plan to commence repayment." Accordingly, the referee concluded that Attorney Mularski failed to carry his burden of proof regarding SCR 22.29(4)(4m) (requiring the lawyer to demonstrate that he or she has made restitution to or satisfied all claims of persons injured or harmed by his misconduct) and SCR 22.29(4)(c) (requiring that he comply with the terms of the suspension and revocation orders); see also SCR 22.31(1)(d) (requiring clear and convincing evidence that he "has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.").[4]

¶19 The OLR agrees, noting that during the OLR's investigation and at the hearing, Attorney Mularski was unable to identify the amounts he owed to his former clients, or provide documentation of payment.

¶20 Attorney Mularski acknowledges that he has not provided the required accounting, much less satisfied his restitution obligations. He contends this should not preclude his reinstatement because, he says, creating the required

---

[4] The referee also concluded that Attorney Mularski failed to establish that he can be safely recommended to the legal profession, the courts, and the public, SCR 22.29(4)(g), for these same reasons. The referee made no explicit finding or conclusion with respect to SCR 22.29(4)(f), but the record supports the implicit conclusion that Attorney Mularski has failed to demonstrate a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with them.

accounting is an impossible task.  He says that he has "provided all documentation he has available to show what has been paid, and what may be due.  No additional records are available, and for the referee to find that [Mularski] has failed to meet his burden is clearly erroneous."

¶21  We disagree. The record confirms that this is a challenging problem to unravel, but also demonstrates that there is more Attorney Mularski could do to respond to this court's order and the requirement for reinstatement.

¶22  Creating an accounting that will identify the amount of restitution owed to Attorney Mularski's former clients is challenging because there are separate, sometimes overlapping, orders and judgments.  As noted, in the criminal proceeding Attorney Mularski was ordered to pay $338,019.96 in restitution to the Eisenberg firm.[5]  The allegations in the underlying OLR disciplinary complaint overlap with those in the criminal complaint, but also contained separate claims relating to clients Attorney Mularski represented before he joined the Eisenberg firm.

¶23  Meanwhile, some former clients have been reimbursed by the Wisconsin Lawyers' Fund for Client Protection and others

---

[5] Attorney Mularski says this dollar amount was intended to represent a "cap" on restitution to reimburse the firm's trust account, with the understanding that the amount might be reduced upon evidence that he had satisfied obligations to clients.  For purposes of this proceeding he does not contest this dollar amount.

have obtained civil judgments against Attorney Mularski. These judgments total hundreds of thousands of dollars. At least some of these judgments and reimbursements presumably overlap with client matters that comprise the criminal order for restitution.

¶24 Attorney Mularski says that he has no way to determine which clients have been reimbursed without reviewing trust account records from the Eisenberg firm. He says that the Eisenberg firm has repeatedly declined to provide him with trust account information. He reminds the court that during his probation, a no-contact order precluded him from directly seeking this information from his former firm. Attorney Mularski says he sought assistance obtaining these records from the circuit court, the district attorney's office, the Department of Corrections, and the OLR, but to no avail. Indeed, he appears to blame the OLR for his predicament, complaining that the: "OLR had the authority to call witnesses and request the information required to establish the amount of restitution due and owing and calculate an accurate balance due," and that the "OLR's decision to not contact the Eisenberg firm to provide the relevant Trust Account records cannot be held against the Respondent-Appellant."

¶25 However, this is revisionist history. The difficulties regarding restitution long predate the criminal proceeding and ensuing criminal restitution and no-contact orders. Before we accepted Attorney Mularski's petition for consensual license revocation in 2010, we were concerned about the clients who were owed restitution, and issued detailed

11

orders seeking to resolve restitution as to the clients implicated in that proceeding.

¶26 For example, over eight years ago, by order dated March 23, 2010, we directed Attorney Mularski to show cause why an accounting and restitution should not be ordered as follows:

E.P.: restitution of $4,000 and an accounting;

K.C.: restitution of $6,121.33 and an accounting;

A.B. Medical Center: restitution of an undetermined amount and an accounting;

C.U.: restitution of an undetermined amount and an accounting;

J.C.: restitution of $125,000 and an accounting;

K.W.: restitution of $30,000 and an accounting;

E.D.: restitution of $39,000 and an accounting;

C.D.: restitution of an undetermined amount and an accounting;

S.C.: restitution of $5,000 and an accounting;

J.H.: restitution of an undetermined amount and an accounting; and

S.D.: restitution of an undetermined amount and an accounting.

OLR v. Mularski, No. 2008AP85-D, unpublished order (Wis. S. Ct. March 23, 2010).

¶27 The OLR filed a response agreeing that several of these clients were entitled to restitution in amounts ranging from just over $700 to approximately $12,000, for a total of approximately $19,000.  Attorney Mularski, in turn, filed a

12

response essentially maintaining that no restitution was due to any of these clients.

¶28 Despite his first-hand knowledge that this court was keenly interested in ascertaining appropriate restitution to compensate clients injured by Attorney Mularski's misconduct, Attorney Mularski provided this court with no documentation, much less an accounting, even with respect to the clients identified in earlier court orders or those Attorney Mularski represented before he joined the Eisenberg firm. For example, both parties made repeated reference to a "spread-sheet" that apparently reflects Attorney Mularski's best effort to establish an accounting, but this document was not produced in this proceeding. Without it neither the referee nor this court has any way of independently determining whether the accounting challenge is indeed an impossible task.

¶29 We wholly agree that the burden of proving a lawyer has met the requirements for reinstatement rests with Attorney Mularski, not the OLR. We understand the OLR's position to be that the lawyer disciplinary system is not designed to provide the mechanism to collect restitution in every case. See In re Disciplinary Proceedings Against Nussberger, 2009 WI 103, ¶23, 321 Wis. 2d 576, 775 N.W.2d 525, ("while this court frequently imposes restitution, historically the purpose of lawyer discipline is not to make whole those harmed by attorney misconduct"). However, given the complexity of this task, we encourage the parties to cooperate to try to establish an accounting and a restitution repayment schedule.

13

¶30  We conclude that Attorney Mularski has failed to meet his burden to prove to this court that he has satisfied all the requirements of SCR 22.31(1) necessary to justify reinstatement of his license to practice law in Wisconsin.

¶31  With respect to the costs of this reinstatement proceeding, it is our general practice to assess the full costs of the proceeding against the petitioning attorney. See SCR 22.24(1m).  Nothing in this case warrants a reduction in the costs, and we impose the full costs of the reinstatement proceeding on Attorney Mularski.

¶32  IT IS ORDERED that the petition for reinstatement is denied.

¶33  IT IS FURTHER ORDERED that within 60 days of the date of this order, Brian P. Mularski shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $6,000.60, as of September 19, 2018.