IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jane A. EDGAR, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Jane A. EDGAR, Respondent.

Supreme Court

*No. 99–0062–D. Filed October 26, 1999.*

(Also reported in 601 N.W.2d 284.)

¶ 1. PER CURIAM. We review the report of the referee recommending that the license of Jane A. Edgar to practice law in Wisconsin be suspended for two years as discipline for professional misconduct. That misconduct consisted of Attorney Edgar's having converted some $11,000 of funds belonging to a client and to an adverse party in a divorce action, commingling her own funds and client funds in her law office business account and making deposits into and disbursements from that account for her personal expenses, and having falsely certified that she had a trust account and maintained trust account and bank records in compliance with the applicable rules governing the conduct of attorneys. The referee recommended that the license suspension be retroactive to the date on which the court temporarily suspended Attorney Edgar's license to practice law pending disposition of this proceeding.

¶ 2. We determine that Attorney Edgar's conversion of client funds and funds belonging to a third person to her own use and her failure to hold property of a client and a third party in trust are sufficiently serious to warrant the recommended two-year license suspension. By that conduct, Attorney Edgar violated her fiduciary responsibility to her clients and others who were entitled to rely on her for the protection of their property.

¶ 3. Attorney Edgar was licensed to practice law in Wisconsin in 1985 and prior to the temporary suspension of her license, practiced in Milwaukee. She previously has not been the subject of a disciplinary proceeding. The referee, Attorney John R. Decker, made findings of fact and conclusions of law based on the parties' stipulations.

¶ 4.   During her representation of a client in a divorce, Attorney Edgar received a check for approximately $106,000 as proceeds of the sale of the parties' home. On July 24, 1997, she opened a savings account with $100,000 of that amount in the names of her client, the adverse party, and herself as "escrow agent." She notified counsel for the adverse party of the existence of the account and distributed to the parties the balance of the sale proceeds and the funds from a tax refund check, three dividend checks, and earnest money, pursuant to their agreement.

¶ 5.   Between September 26, 1997, and April 6, 1998, Attorney Edgar withdrew sums of $5,000, $4,000, and $2,000 from the savings account without the knowledge or consent of her client or the adverse party or his counsel. On April 20, 1998, she deposited $11,781 into that account.

¶ 6.   When confronted by the adverse party's counsel concerning some $10,000 missing from the account, Attorney Edgar responded that she was "shocked" and asserted that she did not appropriate the money for her personal use but merely had withdrawn funds from the wrong account to pay business expenses. Contrary to those representations, the referee found that Attorney Edgar intentionally made those withdrawals and that they were not the result of inadvertence or mistake. Moreover, Attorney Edgar's deposit of $11,781 constituted her replacement of the funds she had converted plus what she computed to be interest lost as a result of her unauthorized withdrawals.

¶ 7.   In the course of its investigation into her conduct, the Board requested copies of Attorney Edgar's bank records of her client trust account. Incomplete copies of bank records were provided in response to

that request, and Attorney Edgar acknowledged that she did not maintain a general client trust account but instead used separate interest-bearing accounts for funds held for significant periods of time.

¶ 8. Records of her business account disclosed that Attorney Edgar had improperly used that account for the deposit and disbursement of client funds for payment of her personal expenses. On her 1996–97 and 1997–98 State Bar dues statements, she falsely listed that business account as her client trust account and certified falsely that she maintained all required records of trust account transactions, when in fact she did not keep individual client ledgers or monthly reconciliation bank statements.

¶ 9. The referee also found that Attorney Edgar has been diagnosed as suffering from depression, for which she sought and has complied with treatment and remains on medication. The referee found further that Attorney Edgar made full restitution of the loss of funds occasioned by her misconduct within one week after being confronted with the unexplained shortfall in her bank account, which was two months prior to the Board's initiation of its inquiry into her conduct.

¶ 10. On the basis of those facts, the referee concluded that by converting client funds and funds belonging to an adverse party from an escrow account, Attorney Edgar engaged in misconduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c),[1] and failed to hold property of a client or a third party in trust, in violation of SCR

---

[1] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:

. . .

(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

20:1.15(a);[2] by using her business account for the deposit and disbursement of client funds and for her personal expenses, she failed to hold client funds separate from her own funds, in violation of SCR 20:1.15(a). The referee also concluded that by failing to maintain a trust account and keep records of that account in compliance with applicable rules and falsely certifying that she complied with those rules, Attorney Edgar violated SCR 20:1.15(e)[3] and engaged in conduct involving dis-

[2] SCR 20:1.15(a) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

[3] SCR 20:1.15(e) provides:

honesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

¶ 11.  As discipline for that misconduct, the referee recommended that Attorney Edgar's license to practice law be suspended for two years, effective the date of the temporary license suspension this court imposed pending disposition of this disciplinary proceeding. That was the discipline sought by the Board and to which Attorney Edgar stipulated.

¶ 12.  We adopt the referee's findings of fact and conclusions of law in respect to Attorney Edgar's professional misconduct and impose the discipline recommended for it. In addition, we require Attorney Edgar to pay the costs of this proceeding, as the referee recommended.

Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement.journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

¶ 13. IT IS ORDERED that the license of Jane A. Edgar to practice law in Wisconsin is suspended for two years, commencing March 22, 1999.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Jane A. Edgar pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Jane A. Edgar to practice to law in Wisconsin shall remain suspended until further order of the court.

¶ 15. IT IS FURTHER ORDERED that Jane A. Edgar comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law in Wisconsin has been suspended.