IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jane EDGAR, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jane EDGAR, Respondent.

Supreme Court

*No. 02–2962–D. Decided May 28, 2003.*

2003 WI 49

(Also reported in 661 N.W.2d 817.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Jane Edgar and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12,[1] which sets forth findings of fact and conclusions of law regarding Attorney Edgar's professional misconduct. Attorney

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

Edgar is already under suspension for misconduct committed between 1996 and 1999. *In re Disciplinary Proceedings Against Edgar,* 230 Wis. 2d 205, 601 N.W.2d 284 (1999). The 23 counts of misconduct that are the subject of this disciplinary proceeding were committed during the same period of time as the matters addressed in the prior disciplinary matter.

¶ 2. The parties have stipulated that a one-year suspension of Attorney Edgar's license to practice law is appropriate discipline for the additional incidents of misconduct described in the stipulation. The parties also agree that the suspension should be imposed retroactively, so that it will run consecutive to the suspension imposed in the prior disciplinary matter. The parties have stipulated further that Attorney Edgar shall pay restitution to four clients as set forth herein, and that Attorney Edgar's reinstatement shall be subject to certain conditions, which are also set forth herein.

¶ 3. We accept the parties' stipulation and recommendation as to the appropriate discipline for Attorney Edgar.

¶ 4. Attorney Edgar was admitted to practice in 1985. She was suspended effective March 22, 1999, for two years for converting $11,000 that belonged to a client and an adverse party in a divorce action, for commingling her own funds and client funds in her law office business account, for making deposits into and disbursements from that account for personal expenses, and for having falsely certified that she had a trust account and that she maintained that trust account and bank records in compliance with the applicable rules governing the conduct of attorneys. *Id.*

¶ 5. The stipulation submitted to this court describes an additional 23 violations of the Rules of

Professional Conduct, many of which were committed in the course of Attorney Edgar's handling of six client matters between 1996 and 1999. The remaining violations relate to her failure to respond to or cooperate with the OLR's investigation into her misconduct.

¶ 6. Attorney Edgar suffers from depression. She claims her depression affected her conduct. Attorney Edgar is under the supervision of a psychiatrist and she receives social security disability benefits due to her depression. She has advised the court that she does not have sufficient personal assets to enable her to pay the restitution she admittedly owes. However, the OLR notes that Attorney Edgar's depression is not technically a mitigating factor with respect to this disciplinary proceeding because she has not medically established that depression was a causal factor in her conduct.

¶ 7. In December 2002 the OLR and Attorney Edgar agreed to resolve this matter and executed a stipulation pursuant to SCR 22.12. The stipulation states that Attorney Edgar failed to take reasonably practicable steps to protect her client's interests in violation of SCR 20:1.16(d)[2] (six counts); failed to keep her client reasonably informed or to comply with the client's reasonable requests for information in violation

---

[2] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

of 20:1.4(a)[3] (five counts); failed to act with reasonable diligence in representing a client in violation of SCR 20:1.3[4] (four counts); failed to cooperate with grievance investigations in violation of former SCR 21.03(4)[5] and former SCR 22.07(3)[6] (five counts); failed to render a full accounting in connection with a fee advance in violation of SCR 20:1.15(b)[7] (one count); practiced law while under CLE administrative suspension for a pe-

[3] SCR 20:1.4(a) provides: "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] Former SCR 21.03(4) applies to misconduct committed prior to October 1, 2000. It provided: "(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[6] Former SCR 22.07(3) applies to misconduct committed prior to October 1, 2000. It provided:

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[7] SCR 20:1.15(b) provides:

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

riod of three weeks in violation of SCR 31.10(1)[8] (one count); and failed to obtain a written conflict waiver in violation of SCR 20:1.7(a)[9] (one count).

¶ 8. In addition to stipulating to the facts relating to these incidents of misconduct, the parties stipulated to discipline in the form of a one-year suspension of Attorney Edgar's license to practice law in Wisconsin, to run consecutive to her present suspension. The parties also agreed that Attorney Edgar should be required to make restitution of fees and costs collected in four client matters. More specifically, the stipulation provides that Attorney Edgar should be ordered "to make *restitution* of unrefunded fees/costs in the Day, Goomey, Wudtke and Martin matters." Stipulation at 32 (emphasis in original).

---

[8] SCR 31.10(1) provides:

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[9] SCR 20:1.7(a) provides:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents in writing after consultation.

¶ 9. By order dated March 3, 2003, this court directed the parties to clarify the amount of restitution Attorney Edgar should be ordered to pay to each of the four clients identified in the stipulation. The OLR promptly filed a response, clarifying and supporting its position that Attorney Edgar should be required to make restitution to Neal Day in the amount of $1500; to Diane Goomey in the amount of $1000; to Mark Wudtke in the amount of $425; and to Anne L. Martin in the amount of $1700.

¶ 10. On March 17, 2003, Attorney Edgar filed a letter stating that she did not agree with the amounts of restitution proposed by the OLR. She requested an extension of time to search her business records and respond to the OLR's memorandum. The request was granted. The deadline for Attorney Edgar's response has passed and she has filed nothing further with this court.

■

¶ 11. Attorney Edgar has had repeated opportunities to provide any verification of amounts she earned or expended from these clients. She has failed to do so. The OLR's restitution assessment is consistent with the OLR's grievance investigation, its disciplinary complaint, and the SCR 22.12 stipulation. We therefore adopt the amounts proposed by the OLR as appropriate restitution in this matter.

¶ 12. Finally, the parties agreed that the following conditions should apply to Attorney Edgar's reinstatement:[10]

---

[10] Attorney Edgar has indicated that she no present plans to petition for reinstatement of her license to practice law.

(1) that Edgar's reinstatement be contingent upon her demonstrating that she has her depression and any other emotional or psychological problems under control, by her submission to an independent medical examination (IME) by a health provider approved by the OLR, at her own expense;

(2) that Edgar's licensure following reinstatement be conditioned on Edgar remaining in treatment as recommended by the IME and/or her therapist, monitored by the OLR via obtainment of quarterly reports for a period of two years following her reinstatement;

(3) that Edgar's practice of law be monitored by an attorney approved by the OLR for a period of two years following reinstatement, unless Edgar is either employed by a law firm or practicing with another attorney aware of her disciplinary and medical history.

¶ 13. It is relevant that many of the violations described in the parties' stipulation occurred at the same time as the violations that gave rise to the previous disciplinary matter. Indeed, some of the violations involved the same client matters. Accordingly, the parties suggest the one-year suspension stipulated to herein be made retroactive to March 21, 2001, the date Attorney Edgar's previous two-year license suspension ended. The practical effect of this equates to the court having imposed an aggregate three-year license suspension for Attorney Edgar's cumulative misconduct in these two matters.

¶ 14. We approve the stipulation and adopt the stipulated facts and conclusions of law as set forth therein. We agree that Attorney Edgar's misconduct warrants the suspension of her license to practice law for a period of one year, subject to the conditions set forth herein, and we agree that it is appropriate for the

one-year suspension we impose today to commence effective March 21, 2001, in order to run consecutive to the suspension imposed in the prior disciplinary proceeding. We agree further that Attorney Edgar should be required to pay restitution to the four clients identified in the stipulation and we adopt the amounts of restitution proposed by the OLR.

¶ 15. IT IS ORDERED that the license of Attorney Jane Edgar to practice law in Wisconsin is suspended for a period of one year, effective March 22, 2001.

¶ 16. IT IS FURTHER ORDERED that Attorney Jane Edgar comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 17. IT IS FURTHER ORDERED that Attorney Jane Edgar is directed to make restitution of unrefunded fees and or costs to the following former clients, as follows: Neal Day: $1500; Diane Goomey: $1000; Mark Wudtke: $425; and Anne L. Martin: $1700. If restitution is not made within 60 days, the license of Attorney Jane Edgar to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 18. IT IS FURTHER ORDERED that any reinstatement of Attorney Jane Edgar's license to practice law in Wisconsin shall be conditioned upon her satisfying the following conditions:

(1) that Edgar's reinstatement be contingent upon her demonstrating that she has her depression and any other emotional or psychological problems under control, by her submission to an independent medical examination (IME) by a health provider approved by the OLR, at her own expense;

(2) that Edgar's licensure following reinstatement be conditioned on Edgar remaining in treatment as rec-

ommended by the IME and/or her therapist, monitored by the OLR via obtainment of quarterly reports for a period of two years following her reinstatement; and

(3) that Edgar's practice of law be monitored by an attorney approved by the OLR for a period of two years following reinstatement, unless Edgar is either employed by a law firm or practicing with another attorney aware of her disciplinary and medical history.