IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jane A. EDGAR, Attorney at Law:

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Jane A. EDGAR, Respondent-Appellant.

IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jane EDGAR, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jane EDGAR, Respondent-Appellant.

Supreme Court

*No. 1999AP62–D & 2002AP2962–D.—Decided March 1, 2012.*

2012 WI 19

(Also reported in 809 N.W.2d 524.)

¶ 1.   PER CURIAM. We review, pursuant to SCR 22.33(3),[1] a report filed on July 15, 2011, by Referee Hannah C. Dugan, recommending denial of Attorney Jane A. Edgar's petition for reinstatement of her license to practice law in Wisconsin.[2] We adopt the referee's findings of fact and conclusions of law and agree that

---

[1] SCR 22.33(3) provides as follows:   "If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

[2] By order dated December 1, 2011, the court dismissed Attorney Edgar's appeal from the referee's report because of Attorney Edgar's repeated failure to file a timely brief. Attorney

Attorney Edgar's license to practice law should not be reinstated at this time. We direct Attorney Edgar to pay the costs of the reinstatement proceeding, which totaled $7,597.25, as of August 3, 2011.

¶ 2.  Attorney Edgar was admitted to practice law in 1985. She practiced in Milwaukee. She was suspended effective March 22, 1999, for two years for converting $11,000 that belonged to a client and an adverse party in a divorce action, for commingling her own funds and client funds in her law office business account, for making deposits into and disbursements from that account for personal expenses, and for having falsely certified that she had a trust account and that she maintained that trust account and bank records in compliance with the applicable rules governing the conduct of attorneys. *In re Disciplinary Proceedings Against Edgar,* 230 Wis. 2d 205, 601 N.W.2d 284 (1999).

¶ 3.  Subsequently, Attorney Edgar entered into a stipulation for an additional one-year suspension for other incidents of professional misconduct. *In re Disciplinary Proceedings Against Edgar,* 2003 WI 49, 261 Wis. 2d 413, 661 N.W.2d 817. Attorney Edgar was ordered to pay restitution totaling $4,625 to four former clients, and the court adopted conditions applicable to Attorney Edgar's reinstatement as follows:

> (1) that [Attorney] Edgar's reinstatement be contingent upon her demonstrating that she has her depression and any other emotional or psychological problems under control, by her submission to an independent medical examination (IME) by a health provider approved by the OLR, at her own expense;

Edgar's request to reopen her appeal was denied by order dated January 24, 2012. Accordingly, the court considers the report as if no appeal had been filed as provided in SCR 22.33.

(2) that [Attorney] Edgar's licensure following re-instatement be conditioned on [Attorney] Edgar remaining in treatment as recommended by the IME and/or her therapist, monitored by the OLR via obtainment of quarterly reports for a period of two years following her reinstatement;

(3) that [Attorney] Edgar's practice of law be monitored by an attorney approved by the OLR for a period of two years following reinstatement, unless [Attorney] Edgar is either employed by a law firm or practicing with another attorney aware of her disciplinary and medical history.

*Id.,* ¶ 12.

¶ 4.    On September 21, 2010, Attorney Edgar filed a petition for reinstatement. The matter was assigned to Referee Hannah Dugan, who conducted an evidentiary hearing on May 23, 2011.

¶ 5.    The standard to be met for reinstatement of a law license is set forth in SCR 22.31(1).[3] In particular, the petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has

---

[3] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show.[4] All of these additional requirements are effectively incorporated into SCR 22.31(1).

---

[4] SCRs 22.29(4)(a) through (4m) provide as follows:

(4) The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

¶ 6. The referee found that Attorney Edgar's petition met some of the reinstatement criteria. She does desire the reinstatement of her law license. SCR 22.29(4)(a). She has not practiced law since the suspension of her license in 1999. SCR 22.29(4)(b). She provided the requisite information about her plans if she is reinstated, indicating that she would like to serve as a guardian ad litem in children's court and potentially in family court. SCR 22.29(4)(j). She has stated that she does not intend to return to private practice.

¶ 7. Attorney Edgar provided information about her activities during her suspension. Attorney Edgar cared for her disabled son, volunteered at several non-profit organizations and at her son's school, held leadership positions within several non-profit organizations which included managing funds, and was elected to the West Allis School Board.

¶ 8. Attorney Edgar has also complied with continuing legal education requirements, SCR 22.29(4)(d), and has made restitution or settled all claims of the four clients who were injured or harmed by her misconduct and who were included in the 2003 stipulated suspension order. SCR 22.29(4m).

¶ 9. Ultimately, however, the referee found that Attorney Edgar had failed to meet several of the criteria for reinstatement. Many of the criteria are interrelated, as evidenced by the referee's comments. The referee expressed an overriding concern about the manner in which Attorney Edgar presented her reinstatement petition. According to the referee, Attorney Edgar did

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

not follow basic lawyering standards for presentation and refutation of documentation or witness procurement and preparation. More specifically, Attorney Edgar did not present witnesses or exhibits either to support her petition or to refute an adverse exhibit offered by the OLR. The referee expressed concern that Attorney Edgar twice incorrectly stated that the sole issue before the referee was whether she satisfied the supreme court's order with respect to having her mental health issues under control. The referee explained: "In her demeanor was both casualness about the reinstatement process and an unsubstantiated confidence in her readiness to resume practice."

¶ 10. Indeed, the referee found that Attorney Edgar's presentation and pro se advocacy at her evidentiary hearing suggests that she cannot at this time meet the standards of SCR 22.29(4)(g).

¶ 11. The referee also expressed concern about a pattern of incomplete disclosure. For example, Attorney Edgar had stated she was not party to any civil action, but it was determined that she had several civil judgments against her related to failure to pay office rent, failure to pay OLR costs, and several Wisconsin Department of Revenue tax warrants. Similarly, Attorney Edgar offered a written statement that "[s]ince my suspension, I have filed joint state and federal taxes with my husband each year in a timely fashion" but made no mention of the outstanding tax warrants and a current tax debt of about $27,000 to $29,000. She also stated that she did not have information about her finances from 1997–1999, but it was later revealed that a Wisconsin Department of Revenue warrant for unpaid taxes was filed with the Milwaukee County Circuit Court and, as the referee noted, some financial information could have been obtained from that case. The

referee noted Attorney Edgar failed "to understand that these unresolved civil lawsuits calls into question whether she, as a practitioner or as a lawyer susceptible to equivocation, can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others."

¶ 12. Thus, the referee concluded that Attorney Edgar did not present an appropriate attitude regarding the reinstatement process that would be considered in conformity with standards of the practicing bar. *See* SCR 22.29(4)(f). The referee noted that these omissions also raised concerns about Attorney Edgar's understanding of and attitude towards court proceedings, as well as toward future clients' needs and expectations.

¶ 13. The referee also found that Attorney Edgar has never been in full compliance with SCR 22.26. *See* SCR 22.29(4)(h). She did not provide any documentation demonstrating that she had complied with the rules requiring an attorney to notify clients of a suspension. The notice to clients that she described in her testimony did not comport with SCR 22.26. The referee also noted that Attorney Edgar appeared unconcerned about her oversights in this regard. Thus, the referee found that Attorney Edgar failed to address the requirement that she demonstrate her compliance with this condition.

¶ 14. The referee also expressed some concern about her findings related to Attorney Edgar's handling of this court's order requiring payment of restitution to injured clients and OLR costs. The referee did find that Attorney Edgar currently is in compliance with that portion of the court's order. However, the referee noted the four clients only received their restitution in 2010, months before Attorney Edgar filed her reinstatement petition. Moreover, Attorney Edgar provided no docu-

mentation to substantiate the payment of restitution and no documentation or satisfactory explanation was provided to explain the delay in payment. No documentation was provided by either party that Attorney Edgar returned to the court to ask for an extension of time to pay the restitution or otherwise to waive payment. Indeed, the referee noted that one of the former clients had died and, therefore, never was directly provided restitution. The referee found further that Attorney Edgar seemed "unconcerned and unremorseful" about the payment delay. The referee found Attorney Edgar followed a similar pattern with respect to payment of the costs of the previous OLR disciplinary matter.

¶ 15. Thus, the referee's report and recommendation describe a pattern of shortcomings in Attorney Edgar's compliance with the requirements of suspension and reinstatement that, taken individually, might be excusable. Taken cumulatively, however, they caused the referee to conclude that Attorney Edgar does not have a proper understanding of and attitude towards meeting the professional standards imposed on a member of the bar or an appreciation of the justification for the suspensions. Ultimately, the referee concluded Attorney Edgar did not carry her burden of proof with respect to the requirements of reinstatement set forth in the supreme court rules.

¶ 16. As noted, the court had also imposed additional requirements on Attorney Edgar's reinstatement, requiring her to demonstrate that her depression and other related issues are under control, as evidenced by her submission to an independent medical examination (IME) by a health provider approved by the OLR, at her own expense.

¶ 17. Attorney Edgar complied with this directive, but the medical evaluation was not received until about

one week before the evidentiary hearing.[5] The referee found that the report, once received, was not definitive. The report stated that Attorney Edgar's depression is under control, but the referee noted it did not explicitly conclude that her other "emotional or psychological problems are under control," a condition the court had explicitly imposed upon Attorney Edgar's reinstatement.

¶ 18. Attorney Edgar offered extensive testimony regarding the independent medical report. The referee acknowledged that since her suspension, Attorney Edgar has addressed very challenging family health issues—both her son's and her own. The referee found that through diligence and treatment compliance, she and her son are functioning with greater health and are leading productive lives. The referee acknowledged that Attorney Edgar disagreed with many aspects of the evaluation. However, the referee found that the report "cannot be ignored or found unsupportable," and Attorney Edgar presented no witnesses or documentation from her doctors that refuted certain conclusions in the IME.

¶ 19. Thus, the referee found that "it is apparent that [Attorney] Edgar has made significant progress in her mental health treatment with respect to her diagnosed depression," but she was not satisfied that Attorney Edgar had established that her other mental health related issues are sufficiently under control to satisfy court-ordered reinstatement requirements.

---

[5] The referee noted that Attorney Edgar repeatedly expressed the desire to proceed with the evidentiary hearing despite indications there was insufficient evidence supporting her petition.

¶ 20. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. After careful review of the record, we agree with the referee that Attorney Edgar has not established by clear, satisfactory, and convincing evidence that she has satisfied all of the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law, and we accept the referee's recommendation to deny this petition for reinstatement. We further direct Attorney Edgar to pay the full costs of the reinstatement proceeding.

¶ 21. IT IS ORDERED that the petition for reinstatement of the license of Jane A. Edgar to practice law in Wisconsin is denied.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order, Jane A. Edgar shall pay to the Office of Lawyer Regulation the full costs of this proceeding. If the costs are not paid within the time specified and Jane A. Edgar has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of Jane A. Edgar to practice law in Wisconsin.