# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 1999AP62-D & 2002AP2962-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jane A. Edgar, Attorney at Law: |

Board of Attorneys Professional Responsibility,

               Complainant,

      v.

Jane A. Edgar,

               Respondent-Appellant.

In the Matter of Disciplinary Proceedings Against Jane A. Edgar, Attorney at Law:

Office of Lawyer Regulation,

               Complainant,

      v.

Jane A. Edgar,

               Respondent-Appellant.

| | |
|---|---|
| OPINION FILED: | July 8, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   1999AP62-D & 2002AP2962-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jane A. Edgar, Attorney at Law:**

**Board of Attorneys Professional Responsibility,**

       **Complainant,**

   **v.**

**Jane A. Edgar,**

       **Respondent-Appellant.**

**FILED**

**JUL 8, 2016**

Diane M. Fremgen
Clerk of Supreme Court

**In the Matter of Disciplinary Proceedings Against Jane A. Edgar, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

       **v.**

**Jane A. Edgar,**

       **Respondent-Appellant.**

ATTORNEY reinstatement proceeding. *Attorney's license reinstated with conditions.*

¶1 PER CURIAM. We review a report filed by Referee Jonathan V. Goodman, recommending that the court reinstate the license of Jane A. Edgar to practice law in Wisconsin with conditions. Upon careful review of the matter, we agree that Attorney Edgar's license should be reinstated, with conditions. We further agree that Attorney Edgar should be required to pay the full costs of this proceeding, which are $2,575.60 as of April 4, 2016.

¶2 Attorney Edgar was admitted to practice law in Wisconsin on June 17, 1985. On March 22, 1999, the Court suspended her license to practice law for two years for misconduct consisting of conversion of funds, improperly commingling funds, and falsely certifying that she had a trust account and maintained proper trust account and bank records. Disciplinary Proceedings Against Edgar, 230 Wis. 2d 205, 601 N.W.2d 284 (1999).

¶3 In 2003, Edgar's license was suspended for an additional year, retroactive to March 22, 2001, for misconduct consisting of multiple violations of failing to take reasonably practicable steps to protect her clients' interests; failing to keep clients reasonably informed or to comply with clients' requests for information; failing to act with reasonable diligence; and failing to cooperate with OLR's grievance investigations. She also failed to render a full accounting in connection with an advanced fee; practiced law while under administrative suspension; and failed to obtain a written

2

conflict waiver. Disciplinary Proceedings Against Edgar, 2003 WI 49, 261 Wis. 2d 413, 661 N.W.2d 817.

¶4 On September 20, 2010, Attorney Edgar unsuccessfully sought reinstatement of her Wisconsin law license. Disciplinary Proceedings Against Edgar, 2012 WI 19, 338 Wis. 2d 729, 809 N.W.2d 524.

¶5 On June 22, 2015, Attorney Edgar filed a new petition seeking reinstatement of her law license. On December 29, 2015, the Office of Lawyer Regulation (OLR) filed a response stating it does not oppose her reinstatement but recommending a lawyer oversee her practice for a period of two years. The referee conducted a public hearing on February 10, 2016. The referee filed his report and recommendation on March 15, 2016, recommending reinstatement, with one year of monitoring by an attorney.

¶6 Supreme Court Rule (SCR) 22.31(1) provides the standards to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition to these requirements, SCR 22.29(4)(a)-(4m) provides additional requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶7 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶8 We conclude that the referee's findings support a determination that Attorney Edgar has met her burden to establish by clear, satisfactory, and convincing evidence that she has met all of the standards required for reinstatement of her license to practice law in Wisconsin. The referee found that Attorney Edgar has not practiced law during the period of her suspension; that she has complied fully with the terms of the order of suspension and will continue to do so until her license is reinstated; and that she has maintained competence and learning in the law. If reinstated, Attorney Edgar intends to serve as a guardian ad litem in Children's Court.

¶9 The record further supports the referee's conclusion that Attorney Edgar's conduct since her suspension has been exemplary and above reproach; that she has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards; that she can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer

4

of the courts; and that she has fully complied with the requirements set forth in SCR 22.26.

¶10 In assessing Attorney Edgar's moral character and whether her resumption of the practice of law would be detrimental to the administration of justice or subversive of the public interest, the referee was impressed by the testimony of the Dean and Rector of All Saints Cathedral, who testified in support of Attorney Edgar's character. The referee noted Attorney Edgar was "very contrite" in acknowledging her past professional misconduct and observed that Attorney Edgar's suspension has resulted in significant economic and social hardship to her.

¶11 The OLR also acknowledges that Attorney Edgar has expressed "deep regret" for her misconduct. Attorney Edgar has satisfied the costs imposed on her in connection with her 1999 disciplinary case, paid full restitution to former clients as required by her 2003 suspension order, and has paid the costs associated with her first attempt at reinstatement. And, significantly, Attorney Edgar has addressed mental health issues that previously compromised her ability to function as a lawyer. Consequently, many of the conditions imposed in prior disciplinary proceedings are no longer warranted.

¶12 The OLR recommended that Attorney Edgar be monitored by an attorney, approved by the OLR, for a period of two years following her reinstatement, to assist her transition back into the practice of law. The referee opined, without elaboration, that a single year would be sufficient.

¶13 Upon careful review of the matter, we agree that Attorney Edgar's license should be reinstated, subject to monitoring by an attorney. We agree with the OLR that a period of two years is appropriate to better ensure a smooth transition as Attorney Edger resumes the practice of law.

¶14 It is this court's general practice to assess the full costs of a proceeding against a respondent. See SCR 22.24(1m). We follow that general practice here.

¶15 IT IS ORDERED that the license of Jane A. Edgar to practice law in Wisconsin is reinstated, effective the date of this order.

¶16 IT IS FURTHER ORDERED that as a condition of reinstatement of Jane A. Edgar's license to practice law in Wisconsin, she shall be monitored by an attorney, approved by the Office of Lawyer Regulation, for a period of two years following reinstatement.

¶17 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jane A. Edgar shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,575.60 as of the date of this order.