# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1370-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against  Patrick S. Sweeney, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Complainant-Respondent, |
| |   v. |
| | Patrick S. Sweeney, |
| |        Respondent-Appellant. |

---

DISCIPLINARY PROCEEDINGS AGAINST SWEENEY

---

| | |
|---|---|
| OPINION FILED: | February 19, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.   2015AP1370-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Patrick S. Sweeney, Attorney at Law:

Office of Lawyer Regulation,

      Complainant-Respondent,

  v.

Patrick S. Sweeney,

      Respondent-Appellant.

**FILED**

**FEB 19, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1   PER CURIAM. We review the recommendation of the referee, James C. Boll, that Attorney Patrick S. Sweeney's license to practice law should be revoked due to his professional misconduct. The referee also recommended that Attorney Sweeney be ordered to pay restitution consistent with the terms of an order imposed in a related criminal matter, and pay the costs of this proceeding which are $10,338.75 as of

August 17, 2018. Attorney Sweeney opted not to pursue an appeal of the referee's report and recommendation.[1]

¶2 We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Sweeney's professional misconduct warrants the revocation of his law license. We further agree that he should pay restitution, as recommended by the referee, and that he should pay the costs of this proceeding.

¶3 Attorney Sweeney was admitted to practice law in Wisconsin in 1992. He practiced in the Madison area. He has not previously been subject to professional discipline but his law license is presently administratively suspended for failing to pay state bar dues and failing to certify his compliance with trust account record keeping requirements.

¶4 On July 10, 2015, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint alleging that Attorney Sweeney committed five counts of professional misconduct and seeking revocation of his law license. Attorney Sweeney filed an answer and this court appointed Referee James C. Boll.

¶5 The disciplinary proceeding was adjourned several times. On January 6, 2017, after Attorney Sweeney was indicted on related criminal charges, the referee determined there was

---

[1] Attorney Sweeney initially filed a timely notice of appeal of the referee's recommendation. However, on December 10, 2018, Attorney Sweeney advised the court that he would not pursue his appeal. Accordingly, the court considers this matter as a review of the referee's report under SCR 22.17(2).

cause to defer the matter pending resolution of the related federal criminal prosecution. See United States v. Sweeney, No. 16-CR-103 (W.D. Wis. 2017); SCR 22.41.

¶6 The federal indictment alleged that from March 2007 until March 2011, Attorney Sweeney devised a scheme to defraud three limited liability companies in which he held a member's ownership interest. Attorney Sweeney approached the co-members of the companies and proposed that the companies loan $105,000 to $115,000 to a friend of Attorney Sweeney. The loan was purportedly secured by a home mortgage. Attorney Sweeney did not loan the money to his friend, but instead converted the funds to his own use.

¶7 The indictment alleged that Attorney Sweeney drew checks totaling approximately $420,000 on the companies' checking accounts. When asked for the original promissory note, Attorney Sweeney provided a false document bearing the forged signature of his friend. The indictment also alleged that on February 14, 2013, Sweeney made a false declaration in a bankruptcy matter when he submitted a sworn "List of Creditors" that falsely listed the embezzled funds as "loans to debtor" in an effort to obtain a discharge in bankruptcy of his obligation to repay the funds he had embezzled. Finally, the indictment alleged that in March 2011, Attorney Sweeney committed identity theft during and in relation to the alleged scheme to defraud.

¶8 Attorney Sweeney ultimately entered a guilty plea to Count Two, the bankruptcy charge. On November 17, 2017, the federal court sentenced Attorney Sweeney to five years of

probation, with the first year on home confinement, and ordered him to pay restitution of $481,970. See Sweeney, 16-CR-103 (W.D. Wis. 2017).

¶9 Shortly after Attorney Sweeney's federal sentencing hearing, Referee Boll scheduled a status conference in this disciplinary proceeding. On January 22, 2018, the parties advised the referee that Attorney Sweeney had agreed to stipulate to the underlying counts of the disciplinary complaint and that both parties would submit briefs on the question of the appropriate sanction.

¶10 On January 31, 2018, the parties executed a stipulation in which Attorney Sweeney withdrew his answer and pled no contest to each of the five allegations of misconduct alleged in the OLR's disciplinary complaint. The parties agreed that the disciplinary complaint, the record in the federal criminal prosecution, and the terms of the stipulation could serve as the factual basis for the referee's factual findings and determination of misconduct.

¶11 In the stipulation, Attorney Sweeney stated that he understood the misconduct allegations, his rights to contest the misconduct allegations and the factual basis for them, that his entry into this stipulation was made knowingly, voluntarily, without coercion, and without the benefit of any negotiations for a reduction in either charges or sanctions in this matter. He stipulated that his entry into the stipulation represents his admission to all of the misconduct charged in the OLR's complaint.

4

¶12 Both parties filed briefs on the question of sanctions. The OLR maintains that revocation is warranted. Attorney Sweeney requested a one-year suspension of his law license.

¶13 On July 30, 2018, Referee Boll filed a report, stating that based on the record he found by clear, satisfactory, and convincing evidence, that Attorney Sweeney violated the rules of professional conduct as alleged. We summarize that professional misconduct here.

¶14 First, the parties stipulated that on December 9, 2013, while his law license was administratively suspended, Attorney Sweeney filed an answer on behalf of a defendant in a pending civil proceeding. See Board of Regents of the University v. The Consciousness Project, Inc., Dane County Circuit Court, No. 2013CV3383. The referee concluded that by appearing on behalf of the defendant and thereafter filing an answer, affirmative defense, and counterclaims in the case during the period of time his license was suspended, Attorney Sweeney violated SCR 10.03(6)[2] and former SCR 20:1.15(i)(4),[3] enforced via SCR 20:8.4(f)[4] (Count One).

---

[2] SCR 10.03(6) provides:

> Penalty for nonpayment of dues. If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or assessments may practice law during the period of the suspension.

5

¶15 Next, the parties stipulated and the referee concluded that by drafting a Promissory Note to the Fairview Entities while he served as its managing member and had in the past represented the Fairview Entities, and thereafter by signing his friend's name to the Promissory Note, then personally guaranteeing and signing the Promissory Note as guarantor, Attorney Sweeney violated SCR 20:1.7(a)(2)[5] (Count Two).

---

[3] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, 2016 WI 21 (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(i)(4) provided:

The failure of a state bar member to file the certificate is grounds for automatic suspension of the member's membership in the state bar in the same manner provided in SCR 10.03(6) for non payment of dues. The filing of a false certificate is unprofessional conduct and is grounds for disciplinary action.

[4] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 20:1.7(a)(2) provides:

Except as provided in par. (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or

(continued)

¶16 The parties stipulated and the referee concluded that by misappropriating funds of the Fairview Entities for his own personal use, Attorney Sweeney violated SCR 20:8.4(c)[6] (Count Three).

¶17 The parties stipulated and the referee concluded that by representing to other members of the Fairview Entities, while he served as its managing member, that the Fairview Entities had provided loans to his friend when in fact, the loan funds were dispersed to him for his own personal use without the knowledge or authorization of the other members, Attorney Sweeney again violated SCR 20:8.4(c) (Count Four).

¶18 Finally, the parties stipulated and the referee concluded that by failing to pay filing fees in the bankruptcy case, even after receiving orders from the U.S. Bankruptcy Court Clerk ordering him to do so, Attorney Sweeney violated SCR 20:3.4(c)[7] (Count Five).

¶19 After making a determination of misconduct as to all five counts summarized above, the referee evaluated the appropriate discipline for Attorney Sweeney. Attorney Sweeney

---

a third person or by a personal interest of the lawyer.

[6] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[7] SCR 20:3.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

had argued that a one-year suspension of his law license would suffice, asserting that he was not dishonest and did not have selfish motives. He urged the referee to consider several mitigating factors. The referee agreed that the absence of previous discipline was one mitigating factor, but rejected Attorney Sweeney's request that the referee consider other mitigating factors. As the referee observed, Attorney Sweeney sought to introduce facts beyond the scope of the agreed upon record, and also failed to explain how these factors relate to his admitted misconduct.

¶20 The referee rejected Attorney Sweeney's argument that a one-year suspension was adequate. He was not swayed by Attorney Sweeney's apparent perception that he was treated harshly by the federal court, and observed that Attorney Sweeney provided no Wisconsin case law to support his proposal.

¶21 The referee determined that Attorney Sweeney's misconduct was of a very serious nature that warranted revocation. Indeed, the referee concluded that Attorney Sweeney's conduct was even more egregious than the conduct described in the cases offered by the OLR in support of its request for revocation. See, e.g., In re Disciplinary Proceeding Against Edgar, 230 Wis. 2d 205, 601 N.W.2d 284 (1999) (suspending lawyer for two years for converting $11,000 from a sale of a client's house to pay her own personal expenses); In re Disciplinary Proceeding Against Carter, 2014 WI 126, 359 Wis. 2d 70, 856 N.W.2d 595 (suspending lawyer for three years for converting approximately $72,000 of client's funds held in

8

trust and attempting to conceal the conversion); <u>In re Disciplinary Proceeding Against Krombach</u>, 2005 WI 170, 286 Wis. 2d 589, 707 N.W.2d 146 (revoking lawyer's license for engaging in a series of conversions of a client's trust funds and for making misleading representations and providing an inaccurate accounting to the OLR).  The referee further recommends that we order Attorney Sweeney to comply with the restitution order imposed against him in the federal criminal case, and order Attorney Sweeney to pay the costs of this proceeding.

¶22  The OLR did not appeal from the referee report, and, as mentioned earlier, Attorney Sweeney opted not to pursue an appeal.  Accordingly, this court's review proceeds pursuant to SCR 22.17(2).[8]  In conducting our review, we will affirm the referee's findings of fact unless they are found to be clearly erroneous, and we will review the referee's conclusions of law on a de novo basis.  <u>See In re Disciplinary Proceedings Against Inglimo</u>, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125.  We may impose whatever sanction we see fit regardless of the

---

[8] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.  The court, on its own motion, may order the parties to file briefs in the matter.

referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶23 Based upon our review of the record, we accept the referee's findings and conclusions of law in this matter and agree that Attorney Sweeney committed the five counts of professional misconduct, as alleged. We determine that the seriousness of Attorney Sweeney's misconduct demonstrates that his law license must be revoked to protect the public, courts, and legal system from the repetition of the misconduct; to impress upon Attorney Sweeney the seriousness of his misconduct; and to deter other attorneys from engaging in similar misconduct. We further accept the referee's recommendation that we order Attorney Sweeney to comply with the restitution order imposed on him in the federal court in the amount of $481,970, and we impose the full costs of this disciplinary proceeding on Attorney Sweeney.

¶24 IT IS ORDERED that the license of Patrick S. Sweeney to practice law in Wisconsin is revoked, effective the date of this order.

¶25 IT IS FURTHER ORDERED that Patrick S. Sweeney shall comply with the restitution order imposed on him in United States v. Sweeney, 16-CR-103 (W.D. Wis. 2017), in the amount of $481,970.

¶26 IT IS FURTHER ORDERED that within 60 days of the date of this order Patrick S. Sweeney pay to the Office of Lawyer Regulation the costs of this disciplinary proceeding, which are $10,338.75 as of August 17, 2018.

¶27  IT IS FURTHER ORDERED that Patrick S. Sweeney comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law has been revoked.